**Earl DEAN, Plaintiff,**

v.

**ROANE GENERAL HOSPITAL, et al., Defendants.**

**Civ. A. No. 84–A018.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Feb. 9, 1984.

Earl Dean, pro se.

1. *See* Exhibit A to the complaint.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

In this action, the Plaintiff, an inmate at the West Virginia Penitentiary, is seeking to recover monetary damages against the Roane General Hospital and its administrator for their alleged invasion of his right to privacy. The Plaintiff petitions the Court for leave to prosecute this action *in forma pauperis,* pursuant to 28 U.S.C. § 1915(a). For the reasons set out below, the Court hereby denies the Plaintiff's request to proceed *in forma pauperis* and ORDERS that this action be docketed and dismissed. *Cf., Morris v. Gulley,* 527 F.Supp. 322 (N.D.W. Va.1981).

### I. *Plaintiff's Allegations*

On December 29, 1981, the Sheriff of Roane County, West Virginia, caused the Plaintiff to be transported to the emergency room of the Roane General Hospital to obtain "a full report on the diabetic condition, if any, of [the Plaintiff], Earl Dean." The Sheriff requested that "[w]hatever tests are necessary [be performed] and [further requested] a written report, signed by a doctor, with [a] prognosis [of the Plaintiff's condition] and ... [the doctor's] recommendations ... for [the appropriate] diet, treatment and therapy [for the Plaintiff]." [1] After the Plaintiff had been examined, the Defendants' employees provided the Sheriff, without the consent of the Plaintiff, copies of the Plaintiff's medical records pertaining to his condition. The Plaintiff complains that this "unauthorized" release of his medical records constituted an actionable invasion of his right to privacy.

### II. *Plaintiff's Economic Status*

The Plaintiff has submitted a financial affidavit which indicates that he has not been employed since September, 1981. Accordingly, the Court finds that the Plaintiff is a pauper within the context of 28 U.S.C.

§ 1915(a) and hereby ORDERS that the Plaintiff's complaint be docketed.

### III. Plaintiff's Claim is Frivolous Within the Context of 28 U.S.C. § 1915(d)

In *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), the Supreme Court stated that, "the two essential elements to a § 1983 action are ... (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the constitution or laws of the United States." With respect to the second element, the Supreme Court has made it clear that "the Fourteenth Amendment [is not] a font of tort law to be superimposed upon whatever systems may already be administered by the states." *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). More particularly, another court has stated that:

> "The constitutional right of privacy is not to be equated with the common law right recognized by state tort law. Thus far only the most intimate phases of personal life have been held to be constitutionally protected .... Applying this limited doctrine of constitutional privacy, the federal courts have generally rejected efforts by plaintiffs to constitutionalize tortious invasions of privacy involving less than the most intimate aspects of human affairs."

*McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 76–77 (8th Cir.) *cert. denied* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976) (citations omitted).

 Mindful of these propositions of law, and after having thoroughly considered the Plaintiff's allegations, which the Court has deemed to be true, the Court finds that the Defendants' "unauthorized" release of the Plaintiff's medical records to the Sheriff of Roane County, while perhaps actionable under state tort law, cannot be properly characterized as .an invasion of "the most intimate aspects of human affairs" and, accordingly, does not constitute an invasion of a constitutionally protected right of privacy. The Court concludes, therefore, that the Plaintiff has not stated a cause of action against these Defendants under 42 U.S.C. § 1983. As a result, the Plaintiff's complaint is "frivolous" within the context of 28 U.S.C. § 1915(d).[2] Accordingly, the Court hereby ORDERS that this action be dismissed.

---

2. In the absence of a federal claim, the Court will not exercise pendant jurisdiction over the Plaintiff's state law claim, if any, for the Defendants' alleged invasion of his right to privacy. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Moreover, it is apparent from the face of the complaint that all of the parties to this action are citizens of West Virginia and, accordingly, the Court would not have jurisdiction over such a state law claim under 28 U.S.C. § 1332.