**MULLINS, Appellant,**

v.

**GRIFFIN et al., Appellees.**

[Cite as *Mullins v. Griffin* (1991), 78 Ohio App.3d 84.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–918.

Decided Dec. 31, 1991.

*Glen F. Mullins, pro se.*

*Lee Fisher,* Attorney General, *Raymond T. Studer* and *Joshua T. Cox,* Assistant Attorneys General, for appellees.

PETREE, Judge.

Plaintiff Glen F. Mullins appeals from a judgment of dismissal rendered in favor of defendants Robert Griffin and Pamela Starr.

Plaintiff is presently incarcerated at the Lima Correctional Institution. On April 17, 1991, he brought this action against defendants, an Ohio Assistant Attorney General and a medical secretary at the Lima Correctional Institution. The complaint stated that plaintiff had previously filed a complaint against a

prison doctor alleging deliberate indifference to serious medical need. Plaintiff alleged that defendant Starr had released confidential medical records regarding plaintiff's treatment by the prison doctor without his express consent. Plaintiff further alleged that defendant Griffin had reviewed those records in connection with plaintiff's suit for deliberate indifference to serious medical need. Finally, the complaint alleged that defendants acted maliciously and in bad faith.

For these acts, plaintiff sought damages and injunctive relief under Ohio law for invasion of privacy and under federal law for the violation of his constitutional rights pursuant to Section 1983, Title 42, U.S.Code. Defendants filed a motion to dismiss plaintiff's complaint, alleging that it failed to state a claim upon which relief could be granted and that the court of common pleas was without jurisdiction to proceed absent a prior determination by the Court of Claims that the state officials acted manifestly outside their scope of employment or acted with malicious purpose and in bad faith. The trial court granted defendants' motion and plaintiff filed this timely appeal, asserting one assignment of error:

"Did the trial court abuse its discretion and prejudice the plaintiff when it granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted, and because the Court of Common Pleas lacked jurisdiction over the complaint."

With respect to plaintiff's claim that defendants invaded his privacy by releasing confidential medical records without his consent, we agree that such an action must first be brought in the Court of Claims. Defendants are both state "officers" or "employees" as those terms are defined under R.C. 109.36(A). R.C. 2743.02(F) provides that:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

This section, amended October 20, 1987, supersedes the contrary rule stated in *Cooperman v. Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St.3d 191, 513 N.E.2d 288, paragraph two of the syllabus, which is relied upon by plaintiff. Because defendants are state officers, plaintiff's claim for invasion of privacy must first be brought in the Court of Claims.

■ With regard to plaintiff's claim under Section 1983, Title 42, U.S.Code, we find that the complaint fails to state a claim upon which relief can be granted. When reviewing a complaint under this standard, the allegations in plaintiff's complaint are taken as true. The complaint will be dismissed only where it appears beyond doubt that plaintiff can prove no set of facts upon which relief can be granted. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

■ There are two essential elements to a claim asserted under Section 1983. The complaint must allege (1) that persons acting under the color of state law, (2) deprived the complaining party of rights, privileges, or immunities secured by the Constitution or laws of the United States. In this case, our attention is directed to the second element. Plaintiff maintains that defendants violated his right to privacy by reviewing confidential medical records without his express consent. The constitutional right to privacy is now well established in American jurisprudence. Included in this right is an individual's interest in avoiding disclosure of personal matters. *Whalen v. Roe* (1977), 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64, 73. The interests protected by this right, however, are limited to those which are " 'fundamental' or 'implicit in the concept of ordered liberty.' " *Paul v. Davis* (1976), 424 U.S. 693, 713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405, 421, citing *Roe v. Wade* (1973), 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, and *Palko v. Connecticut* (1937), 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288. These interests include "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." *Paul, supra,* 424 U.S. at 713, 96 S.Ct. at 1166, 47 L.Ed.2d at 421.

There is some question whether the unauthorized disclosure of confidential medical records could ever constitute a violation of the constitutionally protected right to privacy. Construing *Whalen* and *Paul,* the United States Courts of Appeals for the First and Sixth Circuits have concluded that there is no general constitutional right to have the disclosure of private information measured against the need for disclosure. In these cases, it was held that personal psychiatric records and social histories were not protected under the confidentiality branch of the right to privacy. *Borucki v. Ryan* (C.A.1, 1987), 827 F.2d 836; *J.P. v. DeSanti* (C.A.6, 1981), 653 F.2d 1080; see, also, *Dean v. Rocne Gen. Hosp.* (S.D.W.Va.1984), 578 F.Supp. 408 (hospital's unauthorized release of an inmate's medical records to county sheriff did not constitute invasion of constitutionally protected right to privacy). Nevertheless, a number of courts have recognized a constitutionally protected right to privacy in personal medical records. *United States v. Westinghouse Elec. Corp.* (C.A.3, 1980), 638 F.2d 570; *Carter v. Broadlawns Med. Ctr.* (S.D.Iowa 1987), 667

F.Supp. 1269. Where such a right is recognized, the courts have weighed the government's interest in disclosure against the individual's privacy interest to determine whether a violation of the right has occurred. *Fraternal Order of Police, Lodge 5 v. Philadelphia* (C.A.3, 1987), 812 F.2d 105; *Fadjo v. Coon* (C.A.5, 1981), 633 F.2d 1172.

Even if we assume that the unauthorized disclosure of confidential medical records is subject to some kind of constitutional scrutiny, plaintiff is unable to make out a constitutional violation under these facts. At most, the confidentiality branch of the right to privacy protects only against invasions which are not justified by some legitimate need for the information. Here, plaintiff has placed his medical condition at issue by filing the prior litigation against the prison doctor. Under these circumstances, the state has a legitimate and countervailing interest which outweighs plaintiff's right to privacy in what otherwise might be confidential records. Cf. R.C. 2317.-02(B)(1)(c) (physician-patient privilege is waived when the patient files a medical claim against a doctor). Accordingly, we find that plaintiff has failed to state a claim for relief based upon the alleged violation of the right to privacy under the Fourteenth Amendment to the United States Constitution.

Plaintiff's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and TYACK, JJ., concur.