On April 13, 1998, Joseph L. Mas filed a complaint in the Franklin County Court of Common Pleas against nine defendants who, at the time of the complaint, included former or current commissioners of the Ohio Commission on Hispanic/Latino Affairs, a commissioner of the Ohio Civil Rights Commission, and a member of the Ohio House of Representatives. Mr. Mas had been employed as the Director of the Ohio Commission on Hispanic/Latino Affairs. Mr. Mas averred that the defendants, acting in their individual capacities, interfered with his employment contract and conspired to defame him with the intention of: promoting his termination, negatively influencing his chances for future employment, and injuring him in his profession.
On April 27, 1998, the defendants filed a motion to dismiss pursuant to Civ. R. 12(B)(1) for lack of subject-matter jurisdiction. The defendants contended they were state employees and that an action must first be brought in the Court of Claims of Ohio for a determination as to whether they were immune under R.C. 9.86. Mr. Mas filed a memorandum contra, and the defendants filed a reply. Attached to the reply was a copy of a complaint filed by Mr. Mas in the Ohio Court of Claims on April 8, 1998. This complaint named as defendants the Ohio Civil Rights Commission, the Ohio Commission on Hispanic/Latino Affairs and the same individual defendants named in the common pleas court complaint.
On August 31, 1998, the trial court journalized a decision and entry, finding it lacked subject-matter jurisdiction and granting the defendants' motion to dismiss. Mr. Mas (hereinafter "appellant") has appealed to this court, assigning the following as error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SUSTAINING DEFENDANTS' MOTION TO DISMISS BASED ON INCORRECT, INCOMPLETE, AND ERRONEOUSLY ADMITTED EVIDENCE SUBMITTED BY DEFENDANTS IN VIOLATION OF RULE 12(B), AND RULE 56 (C), OHIO RULES OF CIVIL PROCEDURE.
Appellant contends the trial court erred in dismissing his complaint because the acts alleged in such complaint did not arise from the defendants' employment with the state. The defendants (hereinafter "appellees") assert appellant has filed a complaint in the Court of Claims based upon the same act(s), and the Court of Claims must first determine whether or not appellees acted outside the scope of their employment with the state.
Both parties rely on Cooperman v. Univ. Surgical Assoc., Inc.
(1987), 32 Ohio St.3d 191 in support of their positions. InCooperman, the Supreme Court held:
 A court of common pleas does not lack jurisdiction over an action against state officers or employees merely because the Court of Claims has not first determined that the act or omission, which is the subject of the action, was manifestly outside the scope of the officer's or employee's office or employment, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner, unless the aggrieved party has filed a suit in the Court of Claims based on the same act or omission. (R.C. 2743.02[A][1], construed and applied.) Id. at paragraph two of the syllabus.
Appellant asserts the causes of action in the Court of Claims complaint are not the same as the ones in the common pleas court complaint. The trial court, relying onCooperman, found that the Court of Claims complaint contained identical allegations as those present in the common pleas court complaint and, therefore, it lacked subject-matter jurisdiction. Appellant also contends that the trial court erroneously considered a copy of the Court of Claims complaint attached to appellees' reply to appellant's memorandum contra the motion to dismiss. Appellant asserts the trial court could not consider such an attachment in the context of a Civ. R. 12(B)(1) motion to dismiss. For the reasons that follow, we find the trial court lacked subject-matter jurisdiction over the complaint and, therefore, dismissal was proper.
While both parties and the trial court relied uponCooperman, that case is not applicable to the issue herein. As indicated in Conley v. Shearer (1992), 64 Ohio St.3d 284, 286, the General Assembly, as a result of Cooperman, enacted R.C.2743.02(F). See, also, Mullins v. Griffin, (1991), 78 Ohio App.3d 84,86. R.C. 2743.02(F) states:
 A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
 The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.
Only after the Court of Claims determines that a state employee acted outside the scope of employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner may a plaintiff bring an action against the employee in a court of common pleas. Conley at 288. See, also, State ex.rel. Sanquily v. Lucas Cty. Court of Common Pleas (1991),60 Ohio St.3d 78, 80 (until the Court of Claims determines whether the employee is immune, the common pleas court is totally without jurisdiction over the litigation against such employee). Hence, appellant's assertion that public policy is not implicated or that the state will not be liable in the common pleas court case is irrelevant to the initial jurisdictional issue.
Appellees were state employees at the time of the alleged acts. Appellant contends at page 9 of his brief that the allegations in the common pleas court complaint involve a "material and substantial deviation from the work of the government, and suggests the exploitation of governmental status for the benefit of individual or political interests." This may be true; however, it is within the Court of Claims' exclusive jurisdiction to determine whether appellees are immune from suit.
As to the parties' reliance upon Cooperman, R.C. 2743.02(F) has superceded the holding in paragraph two of the Cooperman
syllabus. Accordingly, we need not reach the issue of whether or not the trial court erred in considering the attached copy of the Court of Claims complaint as the existence of such complaint is immaterial to whether or not the common pleas court had jurisdiction over the complaint filed therein.
In summary, the court of common pleas lacked subject-matter jurisdiction over the claims alleged in the complaint below because the Court of Claims has not made a determination as to appellees' immunity pursuant to R.C. 2743.02(F) and R.C. 9.86. Accordingly, this appeal is dismissed.
Appeal dismissed.
LAZARUS, P.J., and DESHLER, J., concur.