OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Ricky D. Williams (Williams), appeals the decision of the Mahoning County Common Pleas Court dismissing his claims for breach of contract and wrongful discharge against his former employer, defendant-appellee, Western Reserve Transit Authority d.b.a. WRTA (WRTA).
 {¶ 2} Since this case was adjudicated below on a motion to dismiss, the only underlying facts that can be gleaned from the record are those alleged in Williams' complaint and they are few. Williams was employed by WRTA. (Complaint, ¶ 2.) Williams had a contract with WRTA (i.e., a collective bargaining agreement negotiated by his union) and WRTA allegedly breached that contract on November 19, 2002. (Complaint, ¶ 3, 4, 5.) Also, WRTA allegedly "dismissed" Williams in violation of public policy based on the "First Amendment to the Federal Constitution, and similar portions of the Ohio State Constitution." (Complaint, ¶ 8, 9, 10.) Williams added in later filings that his termination stemmed from a dispute between himself and a security guard at WRTA "in which the words alleged to be used by the plaintiff were the subject of his termination."
 {¶ 3} Williams originally sued WRTA on May 19, 2003, and later dismissed it without prejudice on January 14, 2005. Williams re-filed his complaint on January 6, 2006, within the one-year savings statute, adding new claims against additional party defendants.[1]
 {¶ 4} On February 23, 2006, WRTA responded with a motion to dismiss pursuant to Civ.R. 12(B)(6) for failing to state a claim upon which relief can be granted and Civ.R. 12(H)(3) for lack of subject matter jurisdiction over Williams' breach of contract claim. WRTA argued that Williams could not sustain his wrongful discharge in violation of public policy claim because he was not an employee at will. Concerning his breach of contract claim, WRTA argued that Williams' exclusive remedy was to file an unfair labor practice with the State Employment Relations Board (SERB). After obtaining leave and without really addressing WRTA's *Page 3 
arguments, Williams filed a response to WRTA's motion to dismiss arguing that his complaint set forth a "civil rights theory of relief" which did not have to be pursued with SERB and could be properly heard in common pleas court. Williams' response also included a motion for leave to file an amended complaint "to clarify his civil rights theory of relief."
 {¶ 5} Following a hearing, a magistrate sustained WRTA's motion to dismiss Williams' complaint and overruled Williams' motion to amend his complaint on April 27, 2006. After observing that Williams had failed to directly address WRTA's arguments, the magistrate determined that Williams' complaint had failed to sufficiently set forth a civil rights claim pursuant to 42 U.S.C.1983. While acknowledging that Williams had made reference to the "First Amendment" in his complaint, the magistrate observed that the complaint "does not suggest what, if any, constitutional rights guaranteed thereunder have been denied or infringed upon or by whom, for that matter." Concerning the overruling of Williams' motion for leave to amend his complaint, the magistrate reasoned that it was unnecessary to amend the complaint since Williams was convinced that the complaint had sufficiently set forth a civil rights claim. Additionally, the magistrate noted that such a claim was now time-barred under the statute of limitations.
 {¶ 6} Williams filed objections to the magistrate's decision and WRTA filed a response. On August 7, 2006, the trial court adopted the magistrate's decision. Following a motion to reconsider filed by Williams, the trial court filed another entry on September 6, 2006, to correct some minor clerical errors. This appeal followed.
 {¶ 7} Williams raises two assignments of error, both of which are directed only to his purported 42 U.S.C.1983 civil rights claim. He does not assign error to the trial court's dismissal of his breach of contract claim on subject matter jurisdiction grounds. Williams' first assignment of error states:
 {¶ 8} "The trial court erred in upholding the magistrates ruling in as much as *Page 4 
the Complaint herein sufficiently spelled out a civil rights claim under both State and Federal Statutes."
 {¶ 9} The standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. Ferreri v. The Plain DealerPublishing Co. (2001), 142 Ohio App.3d 629, 639, 756 N.E.2d 712. A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that appellant can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in appellant's favor. State ex rel. Seikbert v. Wilkinson (1994),69 Ohio St.3d 489, 490, 633 N.E.2d 1128.
 {¶ 10} Under this assignment of error, Williams sets forth the identical argument he made below in response to WRTA's motion to dismiss. He contends that his complaint set forth a "civil rights theory of relief" pursuant to 42 U.S.C.1983 which did not have to be pursued with SERB and could be properly heard in common pleas court.
 {¶ 11} WRTA first construes Williams' complaint as one stating a claim for wrongful discharge in violation of public policy, not a 42 U.S.C. 1983 civil rights cause of action. WRTA avers that Williams cannot sustain his wrongful discharge in violation of public policy claim because he was not an at will employee. Even if Williams intended to assert a 42 U.S.C. 1983 civil rights cause of action, WRTA argues that he did not plead such a claim with sufficient particularity.
 {¶ 12} After incorporating the allegations contained in the first count for breach of contract, the second count of Williams' complaint, upon which he now bases his civil rights claim, states, in its entirety: *Page 5 
 {¶ 13} "8. A clear public policy existed and was manifested in state or federal constitution, statute or administrative regulation, or in common law, to-wit: The First Amendment to the Federal Constitution, and similar portions of the Ohio State Constitution[.]
 {¶ 14} "9. Dismissing employees under circumstances like those involved in Plaintiffs, RICKY D. WILLIAMS dismissal would jeopardize said public policy.
 {¶ 15} "10. Plaintiffs, RICKY D. WILLIAMS, dismissal was motivated by conduct related to the public policy.
 {¶ 16} "11. Defendant, WESTERN RESERVE TRANSIT AUTHORITY, dba WRTA, lacked overriding legitimate business justification for dismissal."
 {¶ 17} Pursuant to Civ.R. 8(A), a pleading that sets forth a claim for relief shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. Such Ohio rule encompasses what is known as notice pleading.
 {¶ 18} The second count of Williams' complaint clearly parallels the elements of a wrongful discharge in violation of public policy claim, not a 42 U.S.C.1983 civil rights cause of action. To prevail on a wrongful discharge claim in violation of a public policy, the plaintiff must meet four elements: (1) there must exist a clear public policy that is manifested in a state or federal constitution, statute or administrative regulation, or in the common law (Williams' Complaint, ¶ 8); (2) dismissal, under the alleged circumstances, must jeopardize the public policy (Williams' Complaint, ¶ 9); (3) plaintiff's dismissal must be motivated by conduct related to the public policy (Williams' Complaint, ¶ 10); and (4) there must be no overriding legitimate business justification for the dismissal (Williams' Complaint, ¶ 11).Barnes v. Cadiz, 7th Dist. No. 01-CA-531, 2002-Ohio-1534, at ¶ 14, citing Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 151,677 N.E.2d 308.
 {¶ 19} When addressing whether a complaint has sufficiently alleged a42 U.S.C.1983 action, this Court in Snell v. Seidler, 7th Dist. No. 04 MO 15, 2005-Ohio 6785, at ¶ 26-27, observed: *Page 6 
 {¶ 20} "* * * Ohio courts also consistently hold that a complaint alleging an action under 42 U.S.C.1983 must meet two requirements: (1) there must be an allegation that the conduct in question was performed by a person acting under color of state law; and (2) the complaint must sufficiently allege that the conduct deprived the plaintiff of a federal right. Cooperman v. University Surgical Assoc, Inc. (1987),32 Ohio St.3d 191, 199, 513 N.E.2d 288. See, also, Schwarz v. Board of Trusteesof OSU (1987), 31 Ohio St.3d 267, 272, 510 N.E.2d 808; Mullins v.Griffin (1991), 78 Ohio App.3d 84, 87, 603 N.E.2d 1133 (10th Dist.).
 {¶ 21} "Thus, a plaintiff who is asserting a federal civil rights action under 42 U.S.C.1983 usually states, for instance, that the defendant acted under color of state law and violated the Fourteenth Amendment by depriving plaintiff of property without due process. SeeSt. Clair Corp. v. Cleveland (1990), 49 Ohio St.3d 33, 34, 36,550 N.E.2d 456 (noting that the actionable violation of the Fourteenth Amendment is not the deprivation of a property interest per se but the deprivation without due process and also requiring the plaintiff to allege that state remedies are inadequate)."
 {¶ 22} In this case, Williams' complaint makes no mention of 42 U.S.C.1983. The complaint does not allege that the conduct in question was performed by a person acting under color of state law or that the conduct deprived Williams of a federal right. Rather, according to Williams, this incident involved a dispute between him and a security guard at WRTA in which he said something that resulted in his termination. There is no mention of due process or constitutional procedural failings. While the complaint does making passing reference to the "First Amendment," that reference identifies the source of the public policy that underlies Williams' wrongful discharge in violation of public policy claim.
 {¶ 23} As a result, the complaint did not place WRTA on notice of the claim showing entitlement to relief as required by Civ.R. 8(A). The complaint only placed WRTA on notice that there was a wrongful discharge in violation of public policy claim against it. Consequently, Williams cannot avoid dismissal by belatedly raising potential liability under the federal statute of 42 U.S.C.1983. See Maine v. Boardman *Page 7 Police Dept., 7th Dist. No. 05-MA-185, 2006-Ohio-4954, at ¶ 37.
 {¶ 24} Returning to Williams' wrongful discharge in violation of public policy claim, in Greeley v. Miami Valley Maintenance Contractors,Inc. (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, the Ohio Supreme Court held:
 {¶ 25} "1. Public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute.
 {¶ 26} "2. Henceforth, the right of employers to terminate employment at will for `any cause' no longer includes the discharge of an employee where the discharge is in violation of a statute and thereby contravenes public policy.
 {¶ 27} "3. In Ohio, a cause of action for wrongful discharge in violation of public policy may be brought in tort." Id. at paragraphs one, two, and three of the syllabus.
 {¶ 28} In a subsequent case, construing and followingGreeley, the Court held that in order for an employee to bring a cause of action pursuant to Greeley the employee must have been an employee at will. Haynes v. Zoological Soc. of Cincinnati (1995), 73 Ohio St.3d 254,652 N.E.2d 948, syllabus. In that case, Haynes was a union member, not an employee at will, who attempted to assert a Greeley claim against her employer. The Court stated:
 {¶ 29} "Greeley provides an exception to the employment-at-willdoctrine. Thus, as stated above, in order for an employee to bring a cause of action pursuant to Greeley, supra, that employee must have been an employee at will. The identifying characteristic of an employment-at-will relationship is that either the employer or the employee may terminate the employment relationship for any reason which is not contrary to law. Haynes clearly does not qualify as an employee at will. As a member of a union, the terms of her employment relationship were governed by a collective bargaining agreement. That agreement specifically limited the power of the zoo to terminate Haynes and, as a result, took her outside the context of employment at will. Because she was not an employee at will, she is outside the *Page 8 
class of employees for whom Greeley provides protection." (Internal citations omitted; Emphasis sic.) Id. at 258, 652 N.E.2d 948.
 {¶ 30} Here, Williams, like Haynes, was subject to a collective bargaining agreement. The agreement, entered into between Williams' union and WRTA, was attached to Williams' complaint as Exhibit A. Therefore, the trial court did not err in dismissing Williams' claim of wrongful discharge in violation of public policy claim. Haynes,73 Ohio St.3d at 258, 652 N.E.2d 948.
 {¶ 31} Accordingly, Williams' first assignment of error is without merit.
 {¶ 32} Williams' second assignment of error states:
 {¶ 33} "The trial court erred in up holding [sic] the magistrates ruling in as much as the Appellant should have been allowed to file an amended complaint clarifying his position."
 {¶ 34} In this case, Williams argues that leave to amend his complaint was "denied in a circumstance where even if the Complaint was unclear it could have been easily amended to cure any supposed defect without adding additional parties or undue delay." (Williams Brief, p. 4.)
 {¶ 35} WRTA argues that the trial court did not abuse its discretion when it denied Williams' motion for leave to amend his complaint.
 {¶ 36} Civ.R. 15(A) addresses the issue of amended pleadings. Civ.R. 15(A) provides in pertinent part:
 {¶ 37} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * * Otherwise a party may amend his pleadings only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
 {¶ 38} It is well established that a trial court's decision whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent a showing of an abuse of discretion. Wilmington SteelProducts, Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120,122, 573 N.E.2d 622. An abuse of discretion connotes more than mere error of law; it implies that the court's attitude is *Page 9 
unreasonable, arbitrary, or unconscionable. Id., citing Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 39} "The language of Civ.R. 15(A) favors a liberal policy when the trial judge is confronted with a motion to amend the pleadings beyond the time limit when such amendments are automatically allowed." Id. at 121-122, 573 N.E.2d 622. In spite of this liberal amendment policy, the movant is required to make two showings. First, the movant must establish a prima facie showing of support for the new matter sought to be pleaded, and second, the movant must show that the amendment is not simply a delaying tactic, nor one that would cause prejudice to the defendant. Id., citing Solowitch v. Bennett (1982), 8 Ohio App.3d 115,117, 8 OBR 169, 456 N.E.2d 562. Where a movant fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion in denying a motion to amend the pleadings. Id. at 123, 573 N.E.2d 622.
 {¶ 40} In this case, the trial court did not abuse its discretion in denying Williams' motion to amend the pleadings. Despite the liberal amendment policy that governs the amendment proceedings, Williams failed to comply with the minimal amendment requirements as set forth inSolowitch. Williams failed to introduce any evidence to the trial court of the new matters sought to be pleaded. Williams' motion to amend the pleadings is barren of such evidence. Williams' motion for leave to file an amended complaint stated simply that he wanted "to clarify his civil rights theory of relief." The only "facts" Williams set forth anywhere in the case filings is that he was involved in a dispute with a security guard at WRTA in which he said something that resulted in his termination. In other words, Williams offered no argument whatsoever to show that he could support his new claim. Wilmington Steel Products,Inc., 60 Ohio St.3d at 123, 573 N.E.2d 622.
 {¶ 41} As indicated above, Williams' failure to establish the first of the Solowitch factors (i.e., make a prima facie showing of support for the new matters sought to be pleaded) was enough justification for the trial court's denial of his motion to amend the pleadings.Wilmington Steel Products, Inc., *Page 10 60 Ohio St.3d at 123, 573 N.E.2d 622. However, Williams' also could not establish the second Solowitch requirement, that the amendment is not simply a delaying tactic, nor one that would cause prejudice to WRTA. Williams' original complaint was filed over two and half years earlier. That complaint attempted to assert the same deficient wrongful discharge in violation of public policy claim contained in the complaint that is the subject of this appeal. In fact, aside from the introduction which apprises the trial court that the case had been previously filed and dismissed without prejudice, the complaint in this case is identical to the one he originally filed in 2003. In other words, Williams had other opportunities and an abundance of time to assert a 42 U.S.C.1983 civil rights cause of action; but chose not to until April 2006, nearly three years after the filing of his first complaint. This time span suggests a delaying tactic or, at the very least, one that would cause prejudice to WRTA considering Williams' very factually unspecific description of the incident that allegedly led to his termination from WRTA.
 {¶ 42} Accordingly, Williams' second assignment of error is without merit.
 {¶ 43} The judgment of the trial court is hereby affirmed.
Waite, J., concurs. Degenaro, P.J., concurs.
[1] In addition to WRTA, Williams also named as defendants, John Does and John Roes. Those persons were never identified and officially made a party to this case, and WRTA is the only party defendant remaining on appeal. *Page 1