**HERGENRODER, Appellant,**

v.

**OHIO BUREAU OF MOTOR VEHICLES, Appellee.**

[Cite as *Hergenroder v. Ohio Bur. of Motor Vehicles*,
152 Ohio App.3d 704, 2003-Ohio-2561.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 2002–CO–58.

Decided May 16, 2003.

Peter Horvath, for appellant.

Jim Petro, Attorney General, and John A. Izzo, Assistant Attorney General, for appellee.

GENE DONOFRIO, Judge.

{¶ 1} Plaintiff-appellant, Henry E. Hergenroder, appeals from a decision of the Columbiana County Common Pleas Court sustaining a decision of defendant-appellee, the Ohio Bureau of Motor Vehicles ("BMV"), suspending appellant's driving privileges.

{¶ 2} On July 8, 2002, appellant filed a notice of appeal with the trial court from a suspension of his driving privileges by the BMV. It stated that on June 26, 2002, the BMV mailed appellant a notice of suspension of his driving privileges, effective June 26, 2002. The notice indicated the BMV had been notified that a judgment had been rendered against appellant and, because he had not paid the judgment, he lost his right to drive pursuant to R.C. 4509.37. The notice further indicated that because appellant had failed to show proof of financial responsibility, the BMV would not return his driving privileges until he served the mandatory suspension and paid the reinstatement fees. In his notice of appeal to the common pleas court, appellant alleged that he did not cause the accident and was not responsible for the accident that led to the judgment, which the BMV relied upon in suspending his driving privileges. He also alleged that the suspension would cause an undue hardship on him. Appellant next filed a complaint in the trial court making the same allegations as in his notice of appeal.

{¶ 3} The BMV filed a motion to dismiss appellant's complaint. It alleged that appellant's complaint failed to state a claim upon which relief could be granted. In the motion, the BMV argued that an appeal from an administrative agency was not the proper place for appellant to attack the civil judgment against him from which his suspension arose.

{¶ 4} On September 11, 2002, the trial court granted the BMV's motion to dismiss. The court stated that the present action was not the proper way to attack the underlying civil judgment. The court noted that appellant had filed a motion to set aside the judgment in municipal court and that the motion was currently pending. The court stated that the motion to set aside judgment in the

municipal court was the proper avenue for appellant to seek relief. Appellant filed his timely notice of appeal on October 9, 2002.

{¶ 5} Appellant raises two assignments of error, the first of which states:

{¶ 6} "The trial court erred in sustaining the appellee's motion to dismiss this case."

{¶ 7} Appellant argues that his suspension is contrary to law. He contends that he did not cause the accident, which led to the judgment against him and consequently to the license suspension.. He notes that he filed a motion to set aside that judgment in municipal court, where the judgment was rendered against him. He states that the motion is currently pending in municipal court.

{¶ 8} A trial court may grant a motion to dismiss for failure to state a claim only when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 524, 668 N.E.2d 889, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753. When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently review the complaint. *Malone v. Malone* (May 5, 1999), 7th Dist. No. 98–CO–47, 1999 WL 314195. The appellate court is not required to defer to the trial court's decision to grant dismissal but instead considers the motion to dismiss de novo. *Harman v. Chance* (Nov. 14, 2000), 7th Dist. No. 99–CA–119, 2000 WL 1726520. We are to presume the truth of all factual allegations in the complaint and must make all reasonable inferences in favor of the nonmoving party. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063.

{¶ 9} Appellant's complaint states the following. On June 26, 2002, the BMV sent him a notice of suspension of his driving privileges, effective June 26, 2002. The notice stated that a judgment had been rendered against appellant, which remained unpaid, and that appellant had failed to show proof of financial responsibility under R.C. 4509.101. Appellant attached a copy of the notice to his complaint and incorporated it into the complaint. The complaint then quotes portions of R.C. 119.12. The complaint continues, stating: "Appellant did not cause the accident, and appellant was not responsible for the accident in tort or contract, which lead [sic] to the judgment and consequently the license suspension at issue. Therefore, appellant says that the operation of this suspension violates the appellant's rights under the Ohio and U.S. Constitutions." (Complaint, ¶ 6.) The complaint also states that the suspension will impose a significant hardship on appellant. Finally, the complaint requests that the court make an independent determination that the order is not supported by reliable, probative, and substantial evidence.

{¶ 10} Appellant's complaint asks the trial court to find that he did not cause the accident and/or that he was not responsible for the accident in tort or contract. This is not in accord with R.C. 119.12, which provides for appeals from administrative agency decisions. R.C. 119.12 states:

{¶ 11} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

{¶ 12} After reading appellant's complaint and R.C. 119.12, it is clear that the trial court could not grant appellant the relief he sought in his appeal. Appellant's complaint collaterally attacks a default judgment entered against him by the Columbiana County Northwest Court. The proper way to attack such a judgment is for appellant to file a Civ.R. 60(B) motion in the court where the judgment was entered. The trial court stated in its judgment entry that appellant did file such a motion in the municipal court and the motion was currently pending in that court.

{¶ 13} Appellant also argues that some connection is required between the use of the automobile and penalty imposed by statute in order to enforce a suspension. He cites *State v. Anthony* (2002), 96 Ohio St.3d 173, 772 N.E.2d 1167, for support. Appellant's reliance on *Anthony* is misplaced. In *Anthony*, the Ohio Supreme Court held that in order for a driver's license to be suspended or revoked pursuant to R.C. 4507.16(A)(1)(b), a motor vehicle must be used in the commission of a felony. Id. at the syllabus. R.C. 4507.16(A)(1)(b) provides for the suspension of driving privileges for those convicted of crimes punishable as felonies under the motor vehicle laws or any other felonies in the commission of which a motor vehicle was used. The BMV did not suspend appellant's driving privileges under R.C. 4507.16(A)(1)(b); it suspended them under R.C. 4509.37. R.C. 4509.37(A) provides: "The registrar of motor vehicles upon receipt of a certified copy of a judgment, shall forthwith suspend the license and registration and any nonresident's operating privilege of any person against whom such judgment was rendered, except as provided in sections 4509.01 to 4509.78 of the Revised Code." Additionally, because appellant did not show proof of financial responsibility, the BMV suspended his right to drive until he serves the mandatory suspension and pays the reinstatement fees per R.C. 4509.101(A)(1)(2). Thus, *Anthony* is not applicable to this case.

{¶ 14} Hence, appellant's first assignment of error is without merit.

{¶ 15} Appellant's second assignment of error states:

{¶ 16} "The trial court erred in failing to consider the hardship imposed upon the appellant due to the suspension."

{¶ 17} In support of this assignment of error, appellant quotes two sentences from R.C. 119.12, as follows:

{¶ 18} "The filing of a notice of appeal shall not automatically operate as a suspension of the order of an agency. If it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order pending determination of the appeal, the court may grant a suspension and fix its terms."

{¶ 19} The portion of R.C. 119.12 that appellant quotes deals with staying an administrative order pending appeal. When reviewing whether a trial court properly granted or denied a motion to stay an administrative order, we review whether the trial court abused its discretion. *Bob Krihwan Pontiac–GMC Truck, Inc. v. Gen. Motors Corp.* (2001), 141 Ohio App.3d 777, 782, 753 N.E.2d 864. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. There is no indication on the record that appellant requested a stay of the BMV's suspension. Thus, we cannot say that the trial court abused its discretion in not granting such a stay.

{¶ 20} Additionally, appellant may be arguing that the court should have considered the hardship imposed on him when deciding whether to dismiss his complaint. As discussed above, the court properly determined that an appeal of the administrative order was not the proper way for appellant to collaterally attack the underlying civil judgment against him. Thus, appellant's second assignment of error is without merit.

{¶ 21} For the reasons stated above, the trial court's decision is hereby affirmed.

Judgment affirmed.

VUKOVICH and DEGENARO, JJ., concur.