OPINION JUDGMENT ENTRY
{¶ 1} Dennis Duff appeals from the December 11, 2003 judgment entry of the Coshocton County Court of Common Pleas, dismissing his complaint against the appellees Coshocton County, Ohio Board of Commissioners and Tim Rogers, Coshocton County Sheriff.
 {¶ 2} Sometime in March-April 2003, appellant was imprisoned in the Coshocton County Jail. Appellant alleges that he slipped and fell after exiting the shower and turning the corner in the A-Block of the jail. Appellant received an injury to his teeth and mouth.
 {¶ 3} In his complaint filed August 18, 2003, appellant alleged that the shower in A-Block was old, rusting, deplorable and leaked every time it was used. Appellant further alleged that the appellees were aware of the hazard created by the leakage. Attempts to place towels around the area by the appellees was not sufficient to prevent the water from leaking out of the shower area and around to the first cell of the block.
 {¶ 4} Appellant further alleged that a lack of adequate funding and a failure to correct the problem resulted in his injuries.
 {¶ 5} On September 2, 2003, appellant filed a "Motion to Amend Complaint." In this pleading appellant asserts that the appellees are not shielded by a doctrine of sovereign immunity because they acted with a "callous disregard" and in "bad faith."
 {¶ 6} Appellees filed answers to the original complaint on September 15, 2003, and to the appellant's amended complaint on October 14, 2003.
 {¶ 7} On September 18, 2003 the appellees filed a motion for judgment on the pleadings. An amended motion was filed on September 19, 2003.
 {¶ 8} Apparently, appellant filed a motion in opposition to the motion for judgment on the pleadings. However, that document is not reflected on the court docket or in the court file. A courtesy copy was given to the trial court by appellees' counsel.
 {¶ 9} On December 11, 2003, the trial court granted the appellees' motion for judgment on the pleadings on the grounds that the appellant's complaint sounded in negligence and therefore the appellees were immune from suit under the doctrine of sovereign immunity pursuant to R.C. 2744.02.
 {¶ 10} It is from the trial court's December 11, 2003 judgment entry that appellant now appeals, raising the following four assignments of error:
 {¶ 11} "The trial court committed reversible error in grainting defendant's motion for judgment on the pleadings, finding finding [sic] defendants immune from suit pursuant to R.C. 2744.01.
 {¶ 12} "The trial court committed reversible error in dismissing the appellant's complaint by concluding that none of the exceptions to the blanket immunity for political subdividisions granting by R.C. 2744.02 is applicable in this case.
 {¶ 13} "The trial court committed reversable error when granting the defendant's motion for judgment on the pleadings when such a motion is to be treated as a motion to dismiss, whereby such motion can only be filed before an answer is filed, not after.
 {¶ 14} "The trial court committed reversable error to appellant when it dismissed appellant's complaint without addressing appellant's amended complaint that was filed before any responsive pleading was filed by appellees."
 Standard of Review {¶ 15} Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civ.R. 12(C), "dismissal is [only] appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest Pride IV, Inc. v.Pontious (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936. The very nature of a Civ.R. 12(C) motion is specifically designed for resolving solely questions of law. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 166, 297 N.E.2d 113, 117. Reviewing courts will reverse a judgment on the pleadings if plaintiffs can prove any set of facts that would entitle them to relief.Flanagan v. Williams (1993), 87 Ohio App.3d 768, 772,623 N.E.2d 185, 188. The review will be done independent of the trial court's analysis to determine whether the moving party was entitled to judgment as a matter of law. Id.
 {¶ 16} It is this standard we will utilize to review appellant's assignments of error.
 I. II {¶ 17} In his first two assignments of error, appellant argues that the trial court improperly granted the motion of appellee's for judgment on the pleadings by finding that the Appellees were immune from suit pursuant to R.C. 2744.02. We agree.
 {¶ 18} We first note that Appellant's suit is against Sheriff Tim Rodgers in his official capacity; appellant does not name Rodgers in his individual capacity. Appellant's suit against Sheriff Rodgers in his official capacity is identical to his suit against the county. See, e.g., Hafer v. Melo, 502 U.S. 21, 25,112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."); Monell v. Department of SocialServices, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611
(1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. . . ."). Below, our references to Appellant's claims against the county also include his claims against Rodgers. Fox v. Van Oosterum (6th Cir. 1999),176 F.3d 342, 347-48.
 {¶ 19} The availability of immunity is a question of law that is properly determined by the court before trial. Carpenter v.Scherer-Mountain Ins. Agency (1999), 135 Ohio App.3d 316, 330,733 N.E.2d 1196, 1206.
 {¶ 20} R.C. Chapter 2744 sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability. Cater v. Cleveland (1998), 83 Ohio St.3d 24, 28,697 N.E.2d 610, 614-615; Carpenter, 135 Ohio App.3d at 330,733 N.E.2d at 1206. First, R.C. 2744.02(A)(1) provides a political subdivision with a general grant of immunity from liability for acts or omissions connected with its governmental or proprietary functions. Carpenter, 135 Ohio App.3d at 331,733 N.E.2d at 1206, citing Hill v. Urbana (1997), 79 Ohio St.3d 130, 133,679 N.E.2d 1109, 1112. R.C. 2744.02(A)(1) states:
 {¶ 21} "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 22} "Thus, the immunity afforded a political subdivision in R.C. 2744.02(A)(1) is not absolute, but is, by its express terms, subject to the five exceptions to immunity listed in R.C.2744.02(B). Once immunity is established under R.C. 2744.02(A) (1), the second tier of analysis is whether any of the five exceptions to immunity in subsection (B) apply. Cater,83 Ohio St.3d at 29, 697 N.E.2d at 615. Under the third tier of analysis, if one of the exceptions in R.C. 2744.02(B) applies, immunity can be reinstated if the political subdivision can successfully argue that one of the defenses contained in R.C. 2744.03 applies." Id.
 {¶ 23} A political subdivision includes a county. R.C.2744.01(F). A governmental function includes the maintenance of buildings that are used in connection with the performance of a governmental function which is a function that is imposed upon the state as an obligation of sovereignty. R.C. 2744.01(C)-(1) (a). Operation of a jail is a governmental function. Accordingly under R.C. 2744.02(A)(1) the appellees are immune.
 {¶ 24} In addition, R.C. 2744.02(B)(4) provides: "[p]olitical subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."
 {¶ 25} There is an exception in R.C. 2744.02(B)(5) when liability is expressly imposed upon the subdivision by a section of the Revised Code.
 {¶ 26} By its express terms R.C. 2744.02 (B)(4) does not remove the immunity provided to a political subdivision by R.C.2744.02 (A) for injuries occurring due to the negligent operation and maintenance of a jail. Bell v. Franklin Cty. Commissioners
(Dec. 10, 1992), Franklin App. Nos. 92AP-872, 92AP-992.
 {¶ 27} Appellant attempts to argue that R.C. 2744.03(A)(6) provides an independent basis for imposing liability. That provision states: "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish non-liability: * * * (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07
and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies: (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner"
 {¶ 28} In Hill v. Urbana (1997) 79 Ohio St.3d 130,679 N.E.2d 1109, Judge Moyer, writing in dissent stated:" R.C.2744.03(A)(5), however, is not an exception to immunity; it is adefense to liability. Only a municipality may assert the defenses and immunities provided in R.C. 2744.03, in response toa claim of liability based on the statutory exceptions toimmunity enumerated in R.C. 2744.02(B).
 {¶ 29} "Therefore, Hill cannot establish Urbana's liability under R.C. 2744.03(A)(5). He may only argue that Urbana is not entitled to the defense of R.C. 2744.03(A)(5) because the city acted with wantonness and recklessness, if he had first claimed Urbana's liability under R.C. 2744.02(B) and Urbana in turn had claimed R.C. 2744.03(A)(5) as a defense.
 {¶ 30} Therefore, a claim that a subdivision is liable under R.C. 2744.02(B) is a necessary predicate to the assertion of a defense by a political subdivision under R.C. 2744.03. R.C.2744.02(B) itself states that political subdivision liability under that section is "subject to" the defenses or immunities designated in R.C. 2744.03. Similarly, a municipality must assert R.C. 2744.03(A)(5) as a defense before the injured party may argue, under that section, that the defense is unavailable due to malicious purpose, bad faith, wantonness, or recklessness on the part of the municipality." Id. at 139. See, also, Carter v.Cleveland (1998), 83 Ohio St.3d 24, 32, 697 N.E.2d 610, 617.
 {¶ 31} However, R.C. 2744.02 (B)(4) does not protect a political subdivision or an employee of a political subdivision when the alleged action or inaction constitutes willful or wanton conduct. R.C. 2744.03(A)(5) removes immunity from political subdivisions for "the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C.2744.03(A)(6)(b) removes immunity from employees of a political subdivision for acts that are committed "with malicious purpose, in bad faith or in a wanton or reckless manner [.]" Fabrey v.McDonald Village Police Dept. (1994), 70 Ohio St.3d 351, 356;639 N.E.2d 31, 35; Carter v. City of Cleveland (1998),83 Ohio St.3d 24, 32-33; 697 N.E.2d 610, 617-18. Appellant contends that a jury question arises as to whether the county acted recklessly or wantonly in the use of the jail facilities and their failure to fund the jail. Appellant further contends that Sheriff Rodgers acted recklessly or wantonly by allowing a dangerous condition to exist after notice that the condition existed, and arguably in his failure to expend or divert funds to correct the problem.
 {¶ 32} In Swierkiewicz v. Sorema n.a. (2002), the Court noted "* * * Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47,78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48, 78 S.Ct. 99; Leatherman v. TarrantCounty Narcotics Intelligence and Coordination Unit,507 U.S. 163, 168-169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). `The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court.' 5 C. Wright A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990). * * * Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that `[n]o technical forms of pleading or motions are required,' and Rule 8(f) provides that `[a]ll pleadings shall be so construed as to do substantial justice.' Given the Federal Rules' simplified standard for pleading, `[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'Hishon v. King Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229,81 L.Ed.2d 59 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. SeeConley, supra, at 48, 78 S.Ct. 99 (`The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits)." Id. at 512-15; 122 S.Ct. 998-999.
 {¶ 33} The same standards apply to the Ohio Rules of Civil Procedure. Accordingly, appellant's amended complaint is sufficient to give the adverse parties notice of his claim. Construing the allegations most strongly in appellant's favor, he has alleged sufficient facts which if proven could overcome the immunity of the appellees.
 {¶ 34} We therefore hold that it was premature to dismiss appellant's complaint. This holding does not in any way indicate the validity of any of appellant's claims or relate to the probability of recovery. The trial court and the parties are free to revisit these issues in connection with any motions for summary judgment filed by the parties.
 {¶ 35} Appellant's first and second assignments of error are sustained.
 III IV. {¶ 36} Based upon the disposition of Appellant's assignments of error I and II we find Appellant's remaining assignments of error are moot.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is reversed and remanded.
Gwin, P.J., Hoffman, J., and Wise, J., concur.
 {¶ 38} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is reversed and remanded for proceedings consistent with this opinion. Costs to appellees.