OPINION
{¶ 1} Plaintiff-appellant, David Padula (Padula), d/b/a "Taste Buds" and "Chudda Bings," appeals a decision of the Mahoning County Common Pleas Court granting defendant-appellee's, Don Hall, et al, motion to dismiss the complaint for failure to state a claim upon which relief can be granted.
 {¶ 2} Padula is the owner of the restaurant "Taste Buds" located in Canfield, Ohio. Padula met with defendant-appellee, Don Hall (Hall), in his capacity as Mahoning County Building Inspector, on March 26, 2001 to submit construction plans for the remodeling of building space adjacent to his existing restaurant. Padula's purpose for remodeling was to open a separate restaurant facility known as "Chudda Bings."
 {¶ 3} Padula filed a complaint on March 11, 2003 against Hall, individually and in his capacity as Mahoning County Building Inspector. Additional defendants included appellees Vicki Sherlock, David Ludt, and Edward Reese, in their capacity as Mahoning County Commissioners (Commissioners). Padula alleged that Hall, acting within the scope of his authority with the Commissioners negligently performed ministerial duties, which subjects the Commissioners to liability notwithstanding the doctrine of sovereign immunity. Padula alleged that Hall, acting with malice, bad faith, or in a reckless manner created additional and unnecessary delays in completing his review of Padula's building plans, delaying the opening of "Chudda Bings" by four months. Padula alleges that Hall's delay was the actual and proximate cause of lost income, profits, and earnings during the four month period. Padula further alleges that at all times the Commissioners knew, or had reason to know, that delays in the performance by Hall would cause the loss in income, earnings, and profits to him.
 {¶ 4} Appellees filed a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted on June 10, 2003. Appellees asserted that Hall and the Commissioners, acting within the scope of their employment for a political subdivision, were immune from tort liability under R.C.2744.02(A)(1). Padula filed a memorandum in opposition on July 21, 2003. Padula filed a motion for leave to file his first amended complaint on July 24, 2003. The trial court granted the motion to dismiss for failure to state a claim on October 28, 2003, on the basis that appellees have statutory immunity from tort liability under R.C. 2744.02(A)(1).
 {¶ 5} Padula's first assignment of error states:
 {¶ 6} "The Trial Court Erred in Granting Defendant's Motion to Dismiss Pursuant to Application of O.R.C. 2744.03, et seq, for Reasons That the Actions of Defendant, DON HALL, Were Manifestly Outside the Scope of His County Employment and/or HALL Acted with Malicious Purpose, in Bad Faith, or in a Wanton or Reckless Manner When He Delayed the Occupancy Permit and/or Shut down Plaintiff's Business Enterprise."
 {¶ 7} "A trial court may grant a motion to dismiss for failure to state a claim only when it appears `beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' Cleveland Elec. Illum. Co. v. Pub.Util. Comm. (1996), 76 Ohio St.3d 521, 524, citing O'Brien v.Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242,245. When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently review the complaint. Malone v. Malone (May 5, 1999), 7th Dist. No. 98-CO-47. The appellate court is not required to defer to the trial court's decision to grant dismissal but instead considers the motion to dismiss de novo. Harman v. Chance (Nov. 14, 2000), 7th Dist. No. 99-CA-119. We are to presume the truth of all factual allegations in the complaint and must make all reasonable inferences in favor of the nonmoving party. York v.Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144."Hergenroder v. Ohio Bur. of Motor Vehicles,152 Ohio App.3d 704, 2003-Ohio-2561, 789 N.E.2d 1147, at ¶ 8.
 {¶ 8} Padula contends that the trial court erred by granting the motion to dismiss because Hall's actions were outside the scope of employment or were performed in a malicious, bad faith, or reckless manner, creating an exception to statutory immunity under R.C. 2744.03(A)(6)(b).
 {¶ 9} Determining whether a political subdivision is immune from liability entails a three-tier analysis. Cater v.Cleveland (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610. The first tier is simply a statement of the general rule that political subdivisions are immune from tort liability. Id. Specifically, R.C. 2744.02(A)(1) provides in relevant part:
 {¶ 10} "Except as provided in division (B) of this section,
a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." (Emphasis added.)
 {¶ 11} Governmental functions are defined in R.C.2744.01(C)(1) (a-c) and specific examples of government functions are listed in (C)(2) (a-w). The relevant section for the present case is R.C. 2744.01(C)(2)(p), which describes the following function as governmental:
 {¶ 12} "The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures[.]"
 {¶ 13} Proprietary functions are defined in R.C.2744.01(G)(1) and specific examples of governmental functions are listed in (G)(2) (a-e).
 {¶ 14} At the second tier, immunity can be removed under any one of five exceptions to immunity. The immunity afforded to political subdivisions under R.C. 2744.02(A)(1), by its express terms, is subject to the five exceptions listed in R.C.2744.02(B). Cater, 83 Ohio St.3d at 28, 697 N.E.2d 610.
 {¶ 15} At the third tier, immunity can be reinstated if the political subdivision can successfully argue an available defense. The exceptions set forth in R.C. 2744.02(B), by its express terms, are subject to the defenses listed in R.C.2744.03. Under R.C. 2744.03, in addition to the immunity enjoyed by political subdivisions, an individual employee is granted immunity in performing a governmental or proprietary function unless one of the following applies: (a) his acts or omissions were manifestly outside the scope of his employment or official responsibilities, (b) his acts or omissions were with malicious purpose, in bad faith, or conducted in a wanton or reckless manner, or (c) liability is expressly imposed upon the employee by another section of the Revised Code.
 {¶ 16} It is important to note that R.C. 2744.03(A)(6) may only be used as a defense to liability and cannot be used to establish liability. Cater, 83 Ohio St.3d at 32,697 N.E.2d 610. In other words, R.C. 2744.03 is implicated as a defense to liability only in the event that an exception to immunity under R.C. 2744.02(B) exists, not as an independent mechanism to imply liability. Id.
 {¶ 17} Applying this framework to the present case, sovereign immunity under R.C. 2744 protects both the Commissioners and Hall, by virtue of his employment as Mahoning County Building Inspector. Under the first tier of analysis, Mahoning County is a political subdivision and both parties are officials of Mahoning County within the definition of R.C. 2744.01(B). Furthermore, inspection services, including building inspection, is specifically contemplated in R.C. 2744.01(C)(2)(p) as a governmental function. Padula's complaint alleges that, at all times, Hall acted within his capacity as building inspector, a governmental function for a political subdivision. Padula specifically cites Hall's use of his building inspector power to delay issuing an occupancy permit and to shut down Padula's business. Therefore, R.C. 2744.02(A)(1) applies to provide blanket immunity to the Commissioners.
 {¶ 18} Under the second tier of analysis, Padula alleges in his complaint that it was the negligent performance of ministerial duties by Hall, which caused the damages in this case. Applying the R.C. 2744.02 (B)(1-5) exceptions to immunity, R.C. 2744(B)(2) is the only exception which contemplates negligent performance of acts or omissions. However, (B)(2) only applies to the performance of proprietary functions under R.C.2744.01(G)(1). Because Hall's duties as building inspector are a governmental function, R.C. 2744.02(B)(2) cannot apply. Accordingly, because Padula failed to demonstrate an exception under R.C. 2744.02(B), blanket immunity applies.
 {¶ 19} Under the third tier of analysis, because Padula proved no exception under R.C. 2744.02(B), the defenses and immunities codified in R.C. 2744.03 do not apply. However, in spite of well established precedent, Padula attempts to establish liability against Hall individually, through his actions as an employee for Mahoning County under R.C. 2744.03(A)(6). Padula claims that R.C. 2744.03(A)(6) (a-b) permits recovery against Hall because he acted outside the scope of his employment and/or acted with malicious purpose, bad faith, or in a wanton or reckless manner, R.C. 2744.03(A)(6) (a-b). However, as previously stated, it is well settled in Ohio that R.C. 2744.03(A) cannot establish liability against an employee until Padula proves an exception under R.C. 2744.02(B), which Padula has not done.
 {¶ 20} In sum, both the Mahoning County Commissioners and Don Hall, as Mahoning County Building Inspector, are immune from liability under R.C. 2744.02(A)(1). Padula failed to establish an exception to immunity under R.C. 2744.02(B)(1)-(5) and the defenses and immunities under R.C. 2744.03 can only be used as a defense to liability and cannot be used as direct method to establish liability. Therefore, Padula's claim is legally insufficient and therefore has failed to state a claim upon which relief can be granted.
 {¶ 21} Accordingly, Padula's first assignment of error is without merit.
 {¶ 22} Padula's second assignment of error states:
 {¶ 23} "The Decision of the Trial Court Should Be Reversed Given the Fact That the Two Year Statute of Limitation Did Not Lapse, If at All, until 3/2/03, Which Was Two Years to the Date When Defendant, Don Hall, Orchestrated the Shut down of Plaintiff's Business Operations Without Justification."
 {¶ 24} There is no language in the judgment entry granting the motion to dismiss indicating that the trial court considered the Commissioners' argument that Padula's claims were barred by the statute of limitations. The general rule in Ohio is that appellate courts do not consider issues that the trial court failed to consider. Bowen v. Kil-Kare, Inc. (1992),63 Ohio St.3d 84, 89, 585 N.E.2d 384. When a trial court fails to consider one of the arguments raised in support of a motion, but grants the motion solely on the basis of a second argument, the first argument is not properly before the court of appeals. Id.
In this case, the trial court decided the motion to dismiss solely on the sovereign immunity issue, so the statute of limitations issue was not decided and is not properly before this court. Moreover, because Padula has failed to state a claim upon which relief could be granted under the first assignment of error, the statute of limitations issue is moot.
 {¶ 25} Accordingly, Padula's second assignment of error is without merit.
 {¶ 26} The judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs.