OPINION
{¶ 1} Plaintiff-appellant, William E. Maine, II, appeals the decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendants-appellees, the Boardman Police Department and Lieutenant Joseph Speziale, on appellant's claim for damages.
 {¶ 2} On December 1, 1998, appellant filed a complaint sounding in tort against appellees. Appellant's complaint set forth the following allegations. On April 17, 1998, appellant purchased a boat from an individual by the name of Amanda Cappy. Appellant restored the boat and put it up for sale. On June 7, 1998, defendant-appellee, Lieutenant Joseph Speziale (Speziale) of the Boardman Police Department (the Department) informed appellant that the boat was stolen and confiscated it. Speziale then subsequently released the boat to an individual by the name of Jimmy Hughes. After filing a small claims action in Mahoning County Court No. 2, appellant was awarded the boat and reclaimed possession of it on September 17, 1998.
 {¶ 3} In his complaint, appellant alleged that appellees "wrongfully, negligently, and purposely confiscated" the boat. Appellant allegedly incurred numerous expenses in trying to get the boat back, including court costs, attorneys' fees, and lost wages. He also alleged that the boat had lost value while he was without possession of it and that he was forced to incur unnecessary storage costs.
 {¶ 4} On January 25, 1999, the Department filed a motion to dismiss arguing that it was immune from liability under provisions of R.C. Chapter 2744, the Political Subdivision Tort Liability Act. The trial court denied the Department's motion on March 11, 1999. The Department appealed that decision to this Court, but then subsequently moved to have the appeal voluntarily dismissed. Maine v. Boardman Police Dept. (Nov. 10, 1999), 7th Dist. No. 99 CA 90.
 {¶ 5} After the case returned to the trial court, appellant's counsel moved to withdraw from the case because of differences that had arisen between herself and appellant. The trial court granted the motion.
 {¶ 6} On May 16, 2001, the Department filed another motion to dismiss based on appellant's alleged failure to comply with discovery. The trial court sustained the Department's motion on August 9, 2002. On February 18, 2003, appellant, represented by new counsel, filed a Civ.R. 60(B) motion for relief from judgment.
 {¶ 7} On March 25, 2004, Speziale filed a motion to dismiss asserting that he was entitled to statutory immunity. The trial court sustained Speziale's motion on August 4, 2004. On July 8, 2005, appellant filed another Civ.R. 60(B) motion for relief from judgment. The motion did not indicate which judgment appellant was seeking relief from. Although, presumably, he was seeking relief from the trial court's judgment entry granting Speziale's motion to dismiss.
 {¶ 8} On July 13, 2005, appellant inexplicably filed a memorandum in opposition to summary judgment "filed by the Defendant in this cause." The record does not reflect that either the Department or Speziale filed a motion for summary judgment. The only motions they filed were their respective motions to dismiss. Additionally, appellant's motion purports to set forth what is referred to as undisputed facts. However, nowhere in the record of this case did appellant establish by affidavit or otherwise what he purports the facts of this case to be. The only "facts" of the case are the ones provided by the bare allegations contained in appellant's complaint.
 {¶ 9} On July 15, 2005, the trial court issued two judgment entries. The first entry granted appellant relief from its judgment granting Speziale's motion to dismiss. It also orders appellant to then file his memorandum in opposition to summary judgment.
 {¶ 10} The second entry concerns the trial court's consideration of the "Motion for Summary Judgment previously filed in this case by the Defendants." It grants judgment to the "Defendants" based on governmental tort immunity.
 {¶ 11} On July 15, 2005, appellant, proceeding pro se, filed a motion in opposition to the Department's motion to dismiss arguing that the Department is not entitled to immunity.
 {¶ 12} This appeal followed.
 {¶ 13} In his appellate brief filed March 28, 2006, appellant's sole assignment of error states:
 {¶ 14} "The trial court erred in granting the Defendant, BOARDMAN POLICE DEPARTMENT'S Motion for Summary Judgment based upon ORC 2744.02 et seq."
 {¶ 15} On June 26, 2006, appellant filed a motion to supplement his original brief instanter to include his claims against Speziale. The reworded assignment of error states:
 {¶ 16} "The trial court erred in granting the Defendant/Appellee, BOARDMAN POLICE DEPARTMENT and/or DAVID SOEZIALE's [sic] Motion for Summary Judgment and Motion to Dismiss based upon ORC 2744.02 et seq."
 {¶ 17} Although it is not entirely clear from the record whether either of the appellees moved for summary judgment, the trial court nevertheless ruled that appellees were entitled to summary judgment based on immunity, which had previously been raised in a motion to dismiss. If this indeed was a procedural irregularity, appellant has not taken issue with it or raised it as possible error.
 {¶ 18} The Department argues that it is not a proper party to this appeal. The Department maintains that the trial court's July 15, 2005 judgment entry from which appellant is appealing grants summary judgment in favor of Speziale. The Department argues that the trial court's August 9, 2002 judgment entry dismissing it from the case still stands and that it was never a party to a summary judgment motion.
 {¶ 19} Contrary to the Department's assertion, the trial court's July 15, 2005 judgment entry consistently refers to the "Defendants." Presumably, the trial court meant that the entry was to apply to both the Department and Speziale. The Department is correct in that the trial court never vacated its August 9, 2002 judgment entry dismissing it from the case.
 {¶ 20} Whether we were to assume that the trial court's July 15, 2005 judgment entry applied only to Speziale or to both Speziale and the Department, this appeal nevertheless necessitates that we examine the issue of immunity, which applies to both parties equally. Given our ultimate resolution of the immunity issue, the Department suffers no harm by continuing to be a party to the appeal. In addition, given the protracted and confusing history of this case, this appeal presents a good opportunity to bring a final conclusion to this litigation as it pertains to all parties.
 {¶ 21} "The determination as to whether a political subdivision is immune from suit is purely a question of law properly determined by a court prior to trial and preferably on a motion for summary judgment." Schaffer v. Board of Cty. Commrs.of Carroll Cty., Ohio (Dec. 7, 1998), 7th Dist. No. 672, citingConely v. Shearer, 64 Ohio St.3d 284, 292, 595 N.E.2d 862. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Bonacorsi v. Wheeling Lake Erie Ry.Co., 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 605 N.E.2d 54; Civ.R. 56(C).
 {¶ 22} "The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires a three-tiered analysis to determine whether a political subdivision should be allocated immunity from civil liability." Hubbard v. Canton Bd. of Edn.,97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 10, citing Cater v. Cleveland, 83 Ohio St.3d 24, 28,697 N.E.2d 610.
 {¶ 23} The first tier is simply a statement of the general rule that political subdivisions are immune from tort liability.Cater, 83 Ohio St.3d at 28, 697 N.E.2d 610. Specifically, R.C.2744.02(A)(1)[1] provides in relevant part:
 {¶ 24} "Except as provided in division (B) of this section,
a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." (Emphasis added.)
 {¶ 25} At the second tier, immunity can be removed under any one of five exceptions to immunity. The immunity afforded to political subdivisions under R.C. 2744.02(A)(1), by its express terms, is subject to the five exceptions listed in R.C.2744.02(B).[2] Cater, 83 Ohio St.3d at 28,697 N.E.2d 610.
 {¶ 26} At the third tier, immunity can be reinstated if the political subdivision can successfully argue an available defense. The exceptions set forth in R.C. 2744.02(B), by its express terms, are subject to the defenses listed in R.C.2744.03.[3] It is important to note that R.C. 2744.03(A) may only be used as a defense to liability and cannot be used to establish liability. Cater, 83 Ohio St.3d at 32,697 N.E.2d 610. Turning to the case at hand, we begin at the first tier with the general rule of blanket immunity. At the second tier, the only possible exception that could apply in this case is R.C.2744.02(B)(2), which states:
 {¶ 27} "Except as otherwise provided in sections 3314.07 and3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."
 {¶ 28} However, pursuant to R.C. 2744.01(C)(1) and (2), police and law enforcement services constitute governmental functions. Here, it is undisputed that the Department and Speziale confiscated the boat in the course of a criminal investigation which yielded information that it was stolen. As the trial court correctly observed, this is clearly a governmental function of a police department as part of its investigation into such matters. Therefore, appellees are entitled to immunity under R.C. 2744.02(A)(1) since none of the exceptions to that immunity found under R.C. 2744.02(B) are applicable to the facts presented by this case.
 {¶ 29} For the first time on appeal, appellant asserts that he is pursuing a civil rights action pursuant to 42 U.S.C. 1983. Citing Brewer v. Cleveland Bd. of Edn. (1997),122 Ohio App.3d 378, 383, 701 N.E.2d 1023, he points out that R.C. 2744.09 denies a political subdivision immunity when federal and state civil rights claims are made.
 {¶ 30} We must determine whether appellant's complaint sufficiently pled a civil rights action under 42 U.S.C. 1983 in order to withstand summary judgment based on immunity from the state law claims. Specifically, 42 U.S.C. 1983 provides in part:
 {¶ 31} "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *."
 {¶ 32} Pursuant to Civ.R. 8(A), a pleading that sets forth a claim for relief shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. Such Ohio rule encompasses what is known as notice pleading.
 {¶ 33} When addressing whether a complaint has sufficiently alleged a 42 U.S.C. 1983 action this Court in Snell v. Seidler,
7th Dist. No. 04 MO 15, 2005-Ohio-6785, at ¶ 26-27, observed:
 {¶ 34} "However, Ohio courts also consistently hold that a complaint alleging an action under 42 U.S.C. 1983 must meet two requirements: (1) there must be an allegation that the conduct in question was performed by a person acting under color of state law; and (2) the complaint must sufficiently allege that the conduct deprived the plaintiff of a federal right. Cooperman v.University Surgical Assoc., Inc. (1987), 32 Ohio St.3d 191, 199,513 N.E.2d 288. See, also, Schwarz v. Board of Trustees of OSU
(1987), 31 Ohio St.3d 267, 272, 510 N.E.2d 808; Mullins v.Griffin (1991), 78 Ohio App.3d 84, 87, 603 N.E.2d 1133 (10th Dist.).
 {¶ 35} "Thus, a plaintiff who is asserting a federal civil rights action under 42 U.S.C. 1983 usually states, for instance, that the defendant acted under color of state law and violated the Fourteenth Amendment by depriving plaintiff of property without due process. See St. Clair Corp. v. Cleveland (1990),49 Ohio St.3d 33, 34, 36, 550 N.E.2d 456 (noting that the actionable violation of the Fourteenth Amendment is not the deprivation of a property interest per se but the deprivation without due process and also requiring the plaintiff to allege that state remedies are inadequate)."
 {¶ 36} Here, like in Snell, appellant's complaint did not cite 42 U.S.C. 1983, any part of the constitution, or any federal statutory right. Nor did the complaint even generally allege the deprivation of a federal right. There was no mention of due process or constitutional procedural failings. The essence of appellant's complaint was a state law tort claim alleging that the Department and Speziale had "wrongfully, negligently, and purposely confiscated" his boat.
 {¶ 37} Therefore, the complaint did not place appellees on notice of the claim showing entitlement to relief as required by Civ.R. 8(A). The complaint only placed appellees on notice that there was a state law tort claim against them. Consequently, appellant cannot avoid summary judgment by raising for the first time potential liability under the federal statute of42 U.S.C. 1983.
 {¶ 38} In sum, the trial court properly entered summary judgment in appellees' favor where, after construing the evidence most strongly in appellant's favor, there was no genuine issue as to any material fact regarding appellees' immunity, appellees were entitled to judgment on appellant's complaint as a matter of law, and reasonable minds could come to but one conclusion, and that conclusion was adverse to appellant.
 {¶ 39} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 40} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
[1] The version of the immunity statute that is applicable is the law that was in effect at the time the alleged tortious acts occurred. Hubbard, 97 Ohio St.3d 451, 2002-Ohio-6718,780 N.E.2d 543, at ¶ 17.
[2] {¶ a} The 1998 version of R.C. 2744.02(B) provided:
{¶ b} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
{¶ c} "(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:
{¶ d} "(a) A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct;
{¶ e} "(b) A member of a municipal corporation fire department or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is believed to be in progress, or answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct;
{¶ f} "(c) A member of an emergency medical service owned or operated by a political subdivision was operating a motor vehicle while responding to or completing a call for emergency medical care or treatment, the member was holding a valid commercial driver's license issued pursuant to Chapter 4506. or a driver's license issued pursuant to Chapter 4507. of the Revised Code, the operation of the vehicle did not constitute willful or wanton misconduct, and the operation complies with the precautions of section 4511.03 of the Revised Code.
{¶ g} "(2) Except as otherwise provided in sections 3314.07
and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
{¶ h} "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
{¶ i} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
{¶ j} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term `shall' in a provision pertaining to a political subdivision."
[3] {¶ a} The 1998 version of R.C. 2744.03 provided:
{¶ b} "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
{¶ c} "(1) The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function.
{¶ d} "(2) The political subdivision is immune from liability if the conduct of the employee involved, other than negligent conduct, that gave rise to the claim of liability was required by law or authorized by law, or if the conduct of the employee involved that gave rise to the claim of liability was necessary or essential to the exercise of powers of the political subdivision or employee.
{¶ e} "(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
{¶ f} "(4) The political subdivision is immune from liability if the action or failure to act by the political subdivision or employee involved that gave rise to the claim of liability resulted in injury or death to a person who had been convicted of or pleaded guilty to a criminal offense and who, at the time of the injury or death, was serving any portion of the person's sentence by performing community service work for or in the political subdivision whether pursuant to section 2951.02 of the Revised Code or otherwise, or resulted in injury or death to a child who was found to be a delinquent child and who, at the time of the injury or death, was performing community service or community work for or in a political subdivision in accordance with the order of a juvenile court entered pursuant to section2151.355 of the Revised Code, and if, at the time of the person's or child's injury or death, the person or child was covered for purposes of Chapter 4123. of the Revised Code in connection with the community service or community work for or in the political subdivision.
{¶ g} "(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
{¶ h} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
{¶ i} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
{¶ j} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
{¶ k} "(c) Liability is expressly imposed upon the employee by a section of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee.
{¶ l} "(7) The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant of any such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code.
{¶ m} "(B) Any immunity or defense conferred upon, or referred to in connection with, an employee by division (A)(6) or (7) of this section does not affect or limit any liability of a political subdivision for an act or omission of the employee as provided in section 2744.02 of the Revised Code."