OPINION
{¶ 1} Plaintiff-appellant, Ortley Wright (Wright), appeals a decision of the Mahoning County Court of Common Pleas dismissing his complaint against defendants-appellees, Mahoning County Board of Commissioners, the Mahoning County Sheriff, and unnamed Mahoning County Sheriff employees (collectively "Mahoning County").
 {¶ 2} On April 7, 2006, Wright was an inmate at the Mahoning County Justice Center when he allegedly slipped on a wet floor onto his back, struck the back of his head, and cut his foot.
 {¶ 3} In his complaint of January 22, 2008, Wright alleged that Mahoning County negligently ignored injuries to his head, neck, back, and right foot. As a result, upon his April 20, 2006 release from incarceration, Wright sought "extensive treatment" including x-rays, physical therapy, and a foot specialist. Wright also claimed he began to experience seizures. He further alleged that Mahoning County acted recklessly or wantonly by allowing a dangerous condition to exist, thus Mahoning County should not be entitled to immunity. In support of his claims, Wright attached a jail log dated April 7, 2006 and an affidavit signed by fellow inmate Rory Stephenson (Stephenson).
 {¶ 4} In response, on February 14, 2008, Mahoning County filed a motion to dismiss pursuant to Civ. R. 12(B)(6), and asserted statutory immunity pursuant to R.C. Chapter 2744.
 {¶ 5} Wright filed an opposition to Mahoning County's motion to dismiss on February 26, 2008. In this motion, Wright argued that the facts alleged, as well as the affidavit, are proof that he is entitled to relief. In this motion, he also alleges "the facility in question [Mahoning County Justice Center] was not in good working order prior to the incident," therefore Mahoning County was not immune.
 {¶ 6} On March 11, 2008, Mahoning County responded to Wright's response in opposition to the motion to dismiss by asserting that he failed to demonstrate that his complaint should not be dismissed under Civ. R. 12(B)(6).
 {¶ 7} On March 18, 2008, the trial court granted Mahoning County's motion to *Page 3 
dismiss after holding a hearing on March 17, 2008. It is from this decision that Wright now appeals.
 {¶ 8} Wright raises one assignment of error, which states:
 {¶ 9} "THE TRIAL COURT ERRED IN DISMISSING [PLAINTIFF]-APPELLANT'S COMPLAINT FOR FAILING TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS-APPELLEES ON THE GROUNDS THAT DEFENDANTS ENJOY STATUTORY IMMUNITY FROM THIS TYPE OF COMPLAINT."
 {¶ 10} A trial court may grant a motion to dismiss for failure to state a claim only when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."Cleveland Elec. Illum. Co. v. Pub. Util. Comm. (1996),76 Ohio St.3d 521, 524, 668 N.E.2d 889, citing O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753. When reviewing a trial court's judgment granting a Civ. R. 12(B)(6) motion to dismiss, an appellate court must independently review the complaint.Malone v. Malone (May 5, 1999), 7th Dist. No. 98-CO-47. The appellate court is not required to defer to the trial court's decision to grant dismissal but instead considers the motion to dismiss de novo.Harman v. Chance, 7th Dist. No. 99-CA-119, 2000-Ohio-2605, at ¶ 9. Appellate courts are to presume the truth of all factual allegations in the complaint and must make all reasonable inferences in favor of the nonmoving party. York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 144, 573 N.E.2d 1063. See, also, Padula v. Hall, 7th Dist. No. 03-MA-235, 2004-Ohio-4823, at ¶ 7, and Hergenroder v. Ohio Bur. of MotorVehicles, 152 Ohio App.3d 704, 2003-Ohio-2561, 789 N.E.2d 1147, at ¶ 8.
 {¶ 11} The trial court is not permitted to resort to evidence outside the complaint to support dismissal under Civ. R. 12(B)(6). Dombroski v.WellPoint, Inc., 173 Ohio App.3d 508, 2007-Ohio-5054, 879 N.E.2d 225, at ¶ 10 (reversed on other grounds). Attachments to the complaint are not considered to be outside the complaint. Id., citing Adlaka v.Giannini, 7th Dist. No. 05MA105, 2006-Ohio-4611, at ¶ 34. See, also, Civ. R. 10(C) and (D). This court is required to review the complaint and determine whether Wright has stated any claim for which relief could be granted. *Page 4 
See, Dombroski at ¶ 11.
 {¶ 12} The two issues that were raised to the trial court in the motions to dismiss and oppositional memorandum were (1) whether Mahoning County could be exempt from liability under R.C. 2744.02(B)(4) for injuries that occurred to Wright and (2) whether immunity could be revoked pursuant to R.C. 2744.03(A)(6)(b).
 {¶ 13} Wright argues that the trial court improperly dismissed his complaint in which he "met the requirements with supporting and sufficient facts" to prove his claims. Wright submits that he set forth sufficient facts in the complaint and, in support, attached both a jail log from Mahoning County Justice Center and an affidavit signed by fellow inmate Stephenson.
 {¶ 14} Wright further contends that the trial court erred by granting the motion to dismiss because Mahoning County's actions were performed in a malicious, bad faith, or reckless manner, creating an exception to statutory immunity under R.C. 2744.03(A)(6)(b).
 {¶ 15} In opposition, Mahoning County argues that the trial court did not err in dismissing Wright's complaint because they are entitled to immunity under R.C. 2744.02(A)(1) and R.C. 2744.02(B)(4).
 {¶ 16} Mahoning County also relies on the Eighth Appellate District's decision in Goad v. Cuyahoga Cty. Bd. Of Commrs. (1992),79 Ohio App.3d 521, 607 N.E.2d 878, in which an inmate filed suit against the county board of commissioners and the county sheriff for personal injuries allegedly incurred while he ate in the cafeteria at the county jail. Id. at 522. The inmate contended, in part, that the trial court erred in granting summary judgment because questions of fact remained as to the specific act of negligence, and the status of the defendants under the sovereign immunity doctrine. Id. at 524. The Goad court held that the governmental immunity granted in R.C. 2744.02(B)(4) for the operation of jails and detention facilities qualifies as a total exemption from liability, regardless of negligence law. Id., citing Phipps v.Dayton (1988), 57 Ohio App.3d 11, 12, 566 N.E.2d 181, 182. The court continued, "[w]here, as here, mere negligence is claimed in a lawsuit and sovereign immunity is a *Page 5 
complete defense to that claim, then the facts surrounding the act of negligence are not material to the case." Id. at 524-525.
 {¶ 17} Determining whether a political subdivision is immune from liability entails a three-tier analysis. Cater v. Cleveland (1998),83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610. The first tier is simply a statement of the general rule that political subdivisions are immune from tort liability. Id. Specifically, R.C. 2744.02(A)(1) provides in relevant part:
 {¶ 18} "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." (Emphasis added.)
 {¶ 19} Governmental functions are defined in R.C. 2744.01(C)(1)(a-c) and specific examples are listed in (C)(2)(a-w). A political subdivision includes a county. R.C. 2744.01(F). A governmental function includes the maintenance of buildings that are used in connection with the performance of a governmental function that is imposed upon the state as an obligation of sovereignty. R.C. 2744.01(C)(1)(a). Operation of a jail is a governmental function. R.C. 2744.01(C)(2)(h). Accordingly, under R.C. 2744.02(A)(1), Mahoning County is immune.
 {¶ 20} At the second tier, immunity can be removed under any one of five exceptions to immunity, thus it is not absolute. The immunity afforded to political subdivisions under R.C. 2744.02(A)(1), by its express terms, is subject to the five exceptions listed in R.C. 2744.02(B). Cater at 28.
 {¶ 21} Applying the R.C. 2744.02(B)(1)-(5) exceptions to immunity, the only relevant provision is R.C. 2744.02(B)(4), which provides: "[p]olitical subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile *Page 6 
detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code." (Emphasis added.)
 {¶ 22} By its express terms, R.C. 2744.02(B)(4) does not remove the immunity provided to a political subdivision by R.C. 2744.02(A) for injuries occurring due to the negligent operation and maintenance of a jail. Bell v. Franklin Cty. Commrs. (Dec. 10, 1992), 10th Dist. Nos. 92AP-872, 92AP-992. Accordingly, because Wright failed to demonstrate an exception under R.C. 2744.02(B), Mahoning County is immune.
 {¶ 23} At the third tier, immunity can be reinstated if the political subdivision can successfully argue an available defense. The exceptions set forth in R.C. 2744.02(B), by its express terms, are subject to the defenses listed in R.C. 2744.03.
 {¶ 24} Because Wright failed to prove an exception under R.C. 2744.02(B), the defenses and immunities codified in R.C. 2744.03 do not apply. However, Wright attempts to argue that R.C. 2744.03(A)(6)(b) provides an independent basis for imposing liability. That provision states: "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish non-liability: * * * (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b).
 {¶ 25} Under the third tier, Wright's argument fails due to this court's decisions in both Padula and Maine v. Boardman PoliceDept., 7th Dist. No. 05-MA-185, 2006-Ohio-4954, at ¶ 26. InPadula, a restaurant owner appealed a trial court decision granting a motion to dismiss in favor of a Mahoning County building inspector. Id. at ¶ 1, 2. In Maine, this court considered whether the trial court properly granted summary judgment to the Boardman Police Department and a lieutenant on the issue *Page 7 
of immunity, in part. Id. at ¶ 1. In each of these cases, this court held that R.C. 2744.03(A)(6) may only be used as a defense to liability and cannot be used to establish liability. Padula at ¶ 16, ¶ 20;Maine at ¶ 26, citing Cater at 32. R.C. 2744.03 is implicated as a defense to liability only in the event that an exception to immunity under R.C. 2744.02(B) exists, not as a direct means to imply liability.Padula at ¶ 16, ¶ 20. Thus, because Wright has failed to establish an exception under R.C. 2744.02(B), he cannot attempt to establish Mahoning County's liability under R.C. 2744.03.
 {¶ 26} In further support of his claims, Wright relies on the holding in Duff v. Coshocton Cty. Bd. of Commrs., 5th Dist. No. 03-CA-019,2004-Ohio-3713, to attempt to argue that R.C. 2744.03(A)(6)(b) provides an independent basis for imposing liability. In Duff, an inmate slipped and fell on water leaking from a defective jail shower and injured his teeth and mouth. Id. at ¶ 2. After proceeding through the three-tier analysis of R.C. 2744, the Duff court concluded that R.C. 2744.03(A)(6)(b) removes immunity from employees of a political subdivision for acts that are committed "`with malicious purpose, in bad faith or in a wanton or reckless manner [.]'" Id. at ¶ 31, quotingFabrey v. McDonald Village Police Dept. (1994), 70 Ohio St.3d 351, 356,639 N.E.2d 31, 35; Cater at 32-33. In Duff, the appellant contended that a jury question arose as to whether the county acted recklessly or wantonly in the use of the jail facilities and their failure to fund the jail. Id. The appellant further contended that the sheriff acted recklessly or wantonly by allowing a dangerous condition to exist after notice that the condition existed, and arguably in his failure to expend or divert funds to correct the problem. Id.
 {¶ 27} The Duff court reasoned as follows. In Swierkiewicz v.Sorema (2002), 534 U.S. 506, 512, 122 S.Ct. 992, the Supreme Court of the United States noted that Fed. Civ. R. 8(a)(2) provides that a complaint must include only "`a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at ¶ 32. Such a statement must simply "`give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id., quotingConley v. Gibson (1957), *Page 8 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80.
 {¶ 28} The same standards apply to the Ohio Rules of Civil Procedure. Id. at ¶ 33. Consequently, in Duff, the court found that the appellant's amended complaint was sufficient to give the adverse parties notice of his claim. Id. Construing the allegations most strongly in the appellant's favor, the Duff court found that he alleged sufficient facts, which if proven, could overcome the immunity of the appellees. Id. Thus, the Duff court concluded that it was premature to dismiss appellant's complaint, but cautioned that their holding did not indicate the validity of any of the appellant's claims or relate to the probability of recovery. Id. at ¶ 34.
 {¶ 29} Wright's reliance on the Duff holding is inapposite due to this court's decisions in both Padula and Maine, and due to the reasons discussed below.
 {¶ 30} Another difference between this matter and the matter considered in Duff is the nature of the complaints. In Duff, the appellant complained that a jail shower was "old, rusting, deplorable and leaked every time it was used." Id. at ¶ 3. The appellant further alleged that the appellees were aware of the hazard created by the leakage, and that attempts to place towels around the area by the appellees were not sufficient to prevent the water from leaking out of the shower area. Id. Finally, the appellant alleged that a lack of adequate funding and a failure to correct the problem resulted in his injuries. Id. at ¶ 4. Conversely, in his complaint, Wright failed to mention the leaky and defective washing machine that apparently caused his injuries. He simply stated that he slipped and fell on water, and then mentioned in paragraphs 6 and 7 of his complaint that Mahoning County "acted recklessly or wantonly by allowing a dangerous condition to exist." Also in paragraph 6 of his complaint, Wright alleged that Mahoning County failed to maintain equipment, but he never referred to the equipment that the county allegedly failed to maintain. Instead, the affidavit attached to the complaint revealed that Wright slipped and fell on water from a washing machine. Additionally, Wright alleged that he did not receive proper medical care at the time of the fall and that Mahoning County "ignored his injuries." However, the jail log attached to the complaint stated that Wright received prompt medical *Page 9 
attention and that he was held for observation. The attached affidavit also verified that Wright received "emergency help." Finally, unlike the appellant in Duff, Wright never alleged in his complaint that Mahoning County had notice of the leaky washing machine, or that Mahoning County failed to correct the problem that allegedly lead to his injuries. Instead, in his opposition to Mahoning County's motion to dismiss, Wright claimed "the facility in question [Mahoning County Justice Center] was not in good working order prior to the incident."
 {¶ 31} This court's decision in Ziegler v. Mahoning County Sheriff'sDept., (2000), 137 Ohio App.3d 831, 739 N.E.2d 1237, helps to resolve the issue raised by Wright in his reliance on the Duff holding. InZiegler, the appellants appealed the trial court's decision dismissing their complaints against the Mahoning County Sheriff's Department and other political subdivisions. Id. at 832. The appellants argued that although R.C. Chapter 2744 applied, their complaint alleged malice, bad faith and recklessness on the part of the appellees as defined in R.C. 2744.03(A)(6)(b), which should allow for an exception to the grant of immunity which precludes a dismissal under Civ. R. 12(B)(6). Id. at 835. This court disagreed, stating, "[a]ppellants seek to pierce the blanket of immunity enjoyed by appellees by arguing that R.C. 2744.03 operates to provide additional exceptions to the rule of immunity. Appellants' argument is unpersuasive and illustrates a fundamental misunderstanding of the three-tiered statutory scheme governing sovereign immunity." Id. This court continued, "* * * appellants have failed to demonstrate the applicability of any exception under R.C. 2744.02(B) that would remove the blanket of immunity that appellees, as political subdivisions and their employees acting within the scope of that employment, enjoy. Therefore, the defenses and immunities codified in R.C. 2744.03 do not apply." Id. at 836.
 {¶ 32} In sum, Mahoning County is immune from liability under R.C. 2744.02(A)(1). Pursuant to this court's decisions in Padula, Maine, andZiegler, Wright failed to establish an exception to immunity under R.C. 2744.02(B)(1)-(5). The defenses and immunities under R.C. 2744.03 are only available as a defense to *Page 10 
liability, not as a direct way to establish liability.
 {¶ 33} Accordingly, Wright's sole assignment of error is without merit.
 {¶ 34} The judgment of the trial court is hereby affirmed.
Vukovich, P.J., concurs.
 Waite, J., concurs. *Page 1