**MITCHELL et al., Appellees,**

v.

**STRONG et al., Appellants.**

[Cite as *Mitchell v. Strong,* 163 Ohio App.3d 638, 2005-Ohio-5354.]

Court of Appeals of Ohio,
Fourth District, Adams County.

No. 04CA797.

Decided Oct. 3, 2005.

Edward L. Schimmel and Steven Purtell, for appellees.

Kris D. Blanton, for appellants.

McFarland, Judge.

{¶ 1} Appellants, Donald Strong and others, appeal the Adams County Common Pleas Court's grant of summary judgment in favor of appellees, William Mitchell and others, which found that appellees have a valid right-of-way across appellants' property. Appellants contend that (1) the trial court erred when it

granted summary judgment in favor of the appellees and (2) the trial court abused its discretion by failing to conduct an evidentiary hearing to resolve a question of fact. Because we find, based upon a review of the entire record, that genuine issues of material fact exist, we reverse and remand.

{¶ 2} This case involves a dispute regarding whether, in fact, a valid right-of-way, or easement, exists in favor of appellees, to the detriment of appellants and their property. In order to resolve this question, however, we must begin with a review of an agreement that was created in 1963 between the purported predecessors in interest of the parties to the present action.

{¶ 3} On March 1, 1963, an agreement was made between George and Arlie Ruth Stewart, husband and wife and purported predecessors in interest to appellants, and Clyde Pendell, predecessor in interest to appellees. The Pendell property, consisting of approximately 60 acres, was a landlocked parcel in need of a right-of-way to a public road. The Pendell property is the property that appellees currently own. The Stewart property, identified in the 1963 agreement as the "Third Tract" and consisting of approximately 23 acres, more or less, and abutting Meigs Township Road, is allegedly the property that appellants now own.[1]

{¶ 4} The 1963 agreement granted an express easement to Pendell, thereby making the Stewart property an estate subservient to the now-dominant Pendell estate. The agreement provided for an easement, described as follows:

{¶ 5} "[T]hat parties of the first part, for themselves, their heirs, and assigns, covenant and grant with and to the party of the second part, his heirs, and assigns, that it shall be lawful for him, his heirs, and assigns, and their agents and servants, and the tenants and occupants from time to time of the premises now held by the said second party in Meigs Township, Adams County, Ohio, and known as the Clyde Pendell land consisting of Sixty (60) Acres, more or less, and any other person or persons, for his and their benefit and advantage, at all times freely to pass and repass on foot, or with animals, vehicles, loads, or otherwise, through and over a certain road or way located on the premises of the first parties hereinafter described where a road or way now exists from the Meigs Township Road running in a general easterly direction through the lands of said first parties to the land of second party, Clyde Pendell.

{¶ 6} "It is agreed that this road or way shall be over the following described real estate now owned by George Stewart and Arlie Ruth Stewart, which is being purchased on a land contract by Eugene Hall and his wife, Ola Faye Hall, who are now in possession of said real estate, which is situated in the Township of

---

1. Appellants dispute that appellees have proven that their property is, in fact, the same property identified in the 1963 agreement as the "Third Tract."

Meigs, County of Adams and State of Ohio, and bounded and described as follows:

{¶ 7} *"THIRD TRACT* : Beginning at a stone in J.E. Metz line (now Maddox) by a white oak, corner to Edward Nixon's land; then N. 18 deg. E. 41 poles to a stone where a white oak stood, a corner to Metz land, now owned by Maddox; then N. 85 deg. E. 13–3/8 poles to a stone where a black oak, now gone, was a corner; thence S. 53 deg. E. 66 poles to a gum tree, now gone, now the corner is a stone a corner to Edward Nixon's land; thence N. 66 deg. W. 14 poles to a stone; thence N. 85 deg. W. 34 poles to a stone and white oak, the beginning, containing 23 acres of land, more or less, and *being the part of Surveys No. 16140 and 16170."* (Emphasis added).

{¶ 8} This agreement was properly recorded in the Adams County, Ohio Miscellaneous Records Book 2, at page 129. The dominant parcel owned by Pendell was later transferred, by properly recorded deed, to Frank and C.M. McCoy, husband and wife. Contained in the deed was a provision transferring the easement created by the 1963 agreement. On February 13, 1968, the Pendell/McCoy property was transferred, by properly recorded deed, to William and Claudia Mitchell, appellees herein. Like the prior deed, this deed contained a provision transferring the easement created by the 1963 agreement to appellees. Appellees maintain that the McCoys indicated to appellees where the right-of-way ran, which is on what is now appellants' property. Appellees also maintain that they continuously used this right-of-way for the next 45 years to access their landlocked parcel for purposes of hunting, camping, and logging.

{¶ 9} The history of appellants' property, however, is not so clear. Attached in support of appellees' original complaint is a copy of a warranty deed, transferring property from William and Robin Doane to Donald and Tammy Strong, appellants herein. However, there is nothing in the record before us that indicates how or when this property was transferred from the Stewarts and/or Halls to the Doanes or that indicates if there were any transfers to other parties in between. The deed from the Doanes to the appellants describes appellants' property as follows:

{¶ 10} *"Being situated in the Military Survey No. 16140,* in the township of Meigs, in the County of Adams, in the State of Ohio and being bounded and described as follows: Beginning at a spike found in the centerline of Nixon Road T–241A and a corner to a 20.86 acres of Clarence E. Dunaway as recorded in Deed Book 290, page 709; thence with said centerline, N 59[deg.] 40'35″ W a distance of 279.81 feet to a spike found in said centerline of Nixon Road and a corner to a 3.48 acres of Wanda R. Osbourne as recorded in Deed Book 293, page 11; thence with said Osbourne's line and with said roadway, N 78[deg.] 07'35″ W a distance of 482.50 feet to a 5/8″ iron pin set in said Osbourne's line; thence with

a division line through the original 63.157 acres, N 11[deg.] 36′18″ E a distance of 100.47 feet to a 5/8″ iron pin set in the line of a 392.86 acres of William L. and Claudia Mitchell as recorded in Deed Book 197, page 386 and Deed Book 220, page 595; thence with said Mitchell's line for the next three calls, S 54[deg.] 36′39″ E a distance of 619.46 feet to a 5/8″ iron pin found; thence S 74[deg] 50′15″ E a distance of 292.47 feet to a 5/8″ iron pin found; thence S 42[deg.] 52′25″ E a distance of 367.57 feet to a 5/8″ iron pin found in the line of said Mitchell and a corner to the aforementioned Clarence E. Dunaway; thence with said Dunaway's line, S 41[deg.] 36′01″ W, passing a 5/8″ iron pin set at 800.94 feet, a distance of 820.94 feet to the beginning, **CONTAINING 21.136 ACRES,** more or less and being part of the original 63.157 acres of the premises transferred to Red Maple Partnership as recorded in O.R. 42, page 628 and subject to all legal highways, easements and restrictions. Bearings are magnetic and based upon the N 78[deg.] 07′35″ W line. A survey of this property was made by Robert E. Satterfield, Surveyor No. 4238, West Union, Ohio on May 26, 1998." (Emphasis added, as to Survey No. only).

{¶ 11} Appellants purchased their property in 2002 and claim that they had no knowledge of any easement. Appellants' deed cites no specific easement or right-of-way; however, as noted in the above-quoted deed language, the legal description does state that the property is "subject to all legal highways, easements and restrictions." Upon purchasing their property, appellants made improvements to the road, which is the claimed right-of way, by grading and leveling it, in order to make it a useable driveway, and also placed a locked gate at the base of the driveway where it meets with Nixon Road. Arguments involving access to the disputed right-of-way ensued between appellants and appellees over the course of the next two years.

{¶ 12} Appellees filed a complaint in the Adams County Common Pleas Court on February 2, 2002, seeking declaratory relief against appellants. In support of their complaint, appellees attached copies of the 1963 agreement creating the easement, a copy of the deed from the McCoys to themselves, containing language transferring the 1963 easement, and a copy of the deed from the Doanes to the appellants, transferring a 21.136–acre tract, but containing no express reference to the 1963 agreement.

{¶ 13} On June 18, 2004, appellees moved the trial court for summary judgment. Attached in support of appellees' motion was, again, a copy of the 1963 agreement, as well as an affidavit by appellee William Mitchell. Appellee's affidavit states that (1) appellee owns 60 acres of land that borders 21.136 acres owned by appellants and bordering Nixon Road, (2) an access road established in the 1900s runs from Nixon Road through appellants' property, reaching the property of appellees, (3) appellees' right to use the access road is contained in an

agreement reached between the parties' predecessors in interest, (4) appellees have used the access road for several years prior to appellants' purchase of their property, and (5) appellants have now erected a gate that blocks appellees' access to the road, in effect preventing ingress to and egress from their property.

{¶ 14} Appellants filed a memorandum opposing appellees' motion for summary judgment, arguing that genuine issues of material fact exist regarding (1) the use of the easement by appellees, (2) the necessity of the easement, and (3) the location of the easement, due to the fact that the appellees' deed describes an easement that runs in an easterly direction, while the presently claimed easement over appellants' property runs in a northerly direction. In support of their memorandum opposing, appellants' attached an affidavit by appellant Donald Strong, stating that (1) appellants own 21.136 acres of land to the south of 390 acres of land owned by appellees, (2) appellants were not informed of an easement upon purchasing their property, and appellees have not used or requested to use any access road across their property since their purchase in 2002, and (3) that the right-of-way in question does not apply to appellants' property.

{¶ 15} The trial court initially denied the appellees' motion for summary judgment by an entry dated July 16, 2004; however, upon appellees' urging, the court later agreed to reconsider the motions, allowing each party 10 days to supplement their prior motions. Appellees thereafter filed a supplemental memorandum in support of their motion for summary judgment, while appellants opted to forgo the filing of a supplemental brief. In their supplemental brief, appellees added the argument that the 1963 agreement was recorded in the Adams County Miscellaneous Records and that a proper 40-year search of appellants' chain of title would have revealed the agreement. Appellees also argued that the dispute regarding the direction in which the easement runs should be resolved by the fact that the appellants' property was part of a larger parcel and was only a part of the property previously owned by the Stewarts.[2]

{¶ 16} The trial court granted summary judgment in favor of appellees on October 25, 2004, basing its decision on the language of the 1963 agreement and finding that the parties to that agreement were, in fact, the predecessors in interest to the present parties. It is from this judgment that appellants now bring their appeal, assigning the following errors for our review:

{¶ 17} "I. The trial court erred when it granted summary judgment in favor of the plaintiffs-appellees.

---

2. Unfortunately, appellees failed to attach, in support of their memorandum, any evidence supporting this claim and allowing the trial court, and now this court, to clarify or resolve any issues regarding the chain of title of appellants' property.

{¶ 18} II. The trial court abused its discretion by failing to conduct an evidentiary hearing to resolve a question of material fact."

{¶ 19} As both of appellants' assigned errors deal with the appropriateness of the trial court's grant of summary judgment, we will address them together. Initially, we note that when reviewing a trial court's decision regarding a summary judgment motion, an appellate court conducts a de novo review. See, e.g., *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See *Brown v. Scioto Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law. Civ.R. 56(C) provides as follows:

{¶ 20} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶ 21} Thus, a trial court may not grant a summary judgment motion unless the evidence before the court demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429–430, 674 N.E.2d 1164.

{¶ 22} Under Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a material fact. *Vahila*, supra; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. See *Kulch v. Structural*

*Fibers, Inc.* (1997), 78 Ohio St.3d 134, 147, 677 N.E.2d 308; *Dresher*, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher*, supra.

{¶ 23} "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant summary judgment." *Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.* (1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher*, supra. A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Id.; *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.

{¶ 24} In the case at bar, we do not believe that appellees fulfilled their burden of pointing out those portions of the record that demonstrate the absence of genuine issues of material fact. Instead, a review of the evidence appellees relied upon to support their motion shows that genuine issues of material fact remain for resolution. In considering the summary judgment standard, we initially note that there are no depositions, answers to interrogatories, written admissions, transcripts of evidence, or written stipulations of fact for the court's review. Rather, we must rely solely on the pleadings, attachments in support thereof, and the parties' own affidavits, which are present in the record before us. Relying solely on the limited information before us, we find that there are genuine issues of material fact to be resolved and that the grant of summary judgment by the trial court was premature.

{¶ 25} Appellees attached three exhibits in support of their initial complaint that create, rather than resolve, questions of fact regarding the identity of the predecessors in interest of the present parties to this action. The exhibits also raise questions of fact regarding the location of the easement that provides access to their property. Appellees' exhibits refer to an easement that runs from Meigs Township Road in an easterly direction across Tract 3 (a 23–acre tract, more or less, and part of Surveys 16140 and 16170) to their 60 acres of property. However, other portions of the record identify an easement that apparently runs in a northerly direction from Nixon Road, across another parcel, allegedly

appellants' property (no longer described as Tract 3, consisting of 21.136 acres more or less, and part of Survey 16140 only), to appellees' 390–plus acres of property. Therefore, the record discloses material issues of fact respecting the location of the easement that could be resolved only by a weighing of the testimony by the witnesses and the introduction of additional evidence, preferably in the form of evidence to fill in the gaps in appellants' chain of title.

{¶ 26} Additionally, we are without sufficient information to resolve questions such as whether Meigs Township Road is the same as Nixon Road, whether the Stewarts were truly the predecessors in interest to the appellants, since their tracts of land are described differently and refer to different amounts of acreage and survey numbers, and whether, as appellees point out, appellants' property is part of a larger parcel of land that was subdivided at some earlier time (possibly separating the property containing the easement from appellants' property). The record, while clear as to the appellees' chain of title, does not contain sufficient information regarding appellants' chain of title.

{¶ 27} In light of the foregoing, we believe that the moving party did not meet its burden of demonstrating, by pointing to portions of the record, the absence of genuine issues of material fact. The trial court's grant of summary judgment in appellees' favor without resolving these outstanding issues of material fact was error. Accordingly, we reverse and remand.

Judgment reversed
and cause remanded.

KLINE, J., concurs.

HARSHA, J., concurs in judgment only.