[Cite as *Ohio Dept. of Job & Family Servs. v. Amatore*, 2010-Ohio-2848.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, DEPARTMENT OF JOB AND FAMILY SERVICES, | ) ) ) | |
| PLAINTIFF-APPELLEE, | ) ) | CASE NO.   09 MA 159 |
| - VS - | ) ) | O P I N I O N |
| ANTHONY AMATORE, | ) ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas Court,
                                 Case No. 07CV2316.

JUDGMENT:                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Alan Weinberg
                                 323 West Lakeside Avenue
                                 Cleveland, Ohio  44113


For Defendant-Appellant:         Attorney Thomas Michaels
                                 839 Southwestern Run
                                 Youngstown, Ohio  44514


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                 Dated:  June 18, 2010

VUKOVICH, P.J.

¶{1} Defendant-appellant Anthony Amatore, dba A.J. Amatore & Co. (Amatore), appeals the decision of the Mahoning County Common Pleas Court granting summary judgment for plaintiff-appellee Ohio Department of Job and Family Services (ODJFS). There are two issues in this appeal. The first is whether the statement from ODJFS attached to the complaint is prima facie evidence of Amatore's liability. Or in other words, does the attachment comply with R.C. 4141.27 and provide proper evidence to support a motion for summary judgment? The second issue involves the statute of limitations in R.C. 4141.23(F) for seeking unpaid unemployment contributions from the employer and whether the statement from ODJFS attached to the complaint establishes that ODJFS filed its complaint seeking compensation for unpaid contributions prior to the expiration of the statute of limitations. For the reasons expressed below, the judgment of the trial court is hereby affirmed.

STATEMENT OF THE CASE

¶{2} On June 27, 2007, ODJFS, acting on behalf of the Ohio Attorney General pursuant to R.C. 109.08, filed a complaint against Amatore seeking unpaid unemployment compensation contributions. The complaint alleged that Amatore owed ODJFS a total of $7,590.75 (principal balance of $5,100.02 plus $2,490.73 in interest). Attached to the complaint are three documents. The first document is titled "Finding and Determination of Taxable Periods and Amount of Payments in Lieu of Contributions Due with Interest and Final Notice of Amounts Due" (Finding and Determination). This document is an accounting of the principal and interest due to ODJFS. The document states it is from "Helen E. Jones-Kelly, Director Ohio Department of Job and Family Services, by Janet D. Wise, Supervisor, Bureau of UC Tax - Collection Section/Litigation Unit" and contains a signature. Also present on the document is an embossed seal from ODJFS. The next two documents are "Determination of Employer's Liability and Contribution Rate Determination" and are certified to be true and accurate copies.

¶{3} After Amatore filed his answer denying liability and asserting as a defense that the statute of limitations had run, ODJFS filed a motion for summary

judgment. In the motion for summary judgment it argued that, pursuant to R.C. 4141.27, the Finding and Determination document that was attached to the complaint is prima facie evidence of the amount owed to ODJFS. 06/24/08 Summary Judgment Motion. It then contended that pursuant to R.C. 4141.23(F) the statute of limitations had not run. It also purportedly used that document to support this conclusion because it allegedly shows that the assessment of contributions owed was done within four years of the contributions due date. Thus, according to ODJFS, pursuant to R.C. 4141.23(F), a six year statute of limitations applied and the complaint was filed within that period. ODJFS did not attach the Finding and Determination document to the motion for summary judgment, but rather indicated that it was attached to the complaint.

¶{4} After filing multiple continuances for discovery, Amatore filed its motion in opposition to summary judgment. He argued that the motion for summary judgment was not supported by proper evidence because ODJFS relied solely on the allegations in the pleadings and did not attach any evidence to support its position to the motion for summary judgment. Likewise, he contended that there was not proper documentation to show that the action was not time barred.

¶{5} ODJFS replied to the motion in opposition. Attached to the reply is a copy of the Finding and Determination and an affidavit from counsel stating that he verified the balance due and owing on the complaint.

¶{6} Amatore then moved to strike the attachments to the reply contending that those attachments are not proper evidence under Civ.R. 56. ODJFS filed a response to the motion to strike.

¶{7} After reviewing all the motions, the trial court denied Amatore's motion to strike and granted ODJFS's summary judgment motion. In granting the motion, the court reasoned:

¶{8} "The arguments of Defendant in response to Plaintiff's motion for summary judgment, i.e. that the documents setting forth the amounts due are not authenticated, cannot serve to create a genuine issue of material fact.

¶{9} "R.C. 4141.27 contemplates the State's burden in proving amounts due and owing and permits the State to establish these amounts by submitting a copy of

the Final Findings/Assessments of amounts due. That document [titled 'Finding and Determination of Taxable Periods and Amounts of Payments in Lieu of Contributions Due with Interest and Final Notice of Amounts Due'] was submitted by the Plaintiff as an attachment/exhibit to its complaint and its reply brief. As such, the document is valid under 4141.27. The document speaks for itself and is considered as part of the record in support of the dispositive motion.

¶{10} "Considering the record, and particularly the Final Assessment, no evidence to the contrary has been presented by Defendant. Further, the Defendant has failed to point out any portions of the record that demonstrate a genuine issue of material fact exists in this matter." 08/13/09 J.E.

¶{11} Thus, judgment in the amount of $7,937.56 was entered in ODJFS's favor. Amatore timely appealed that decision.

ASSIGNMENT OF ERROR

¶{12} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE (JUDGMENT ENTRY DATED AUGUST 13, 2009)."

¶{13} In reviewing an award of summary judgment, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.* (1988), 128 Ohio App.3d 546, 552. Thus, an appellate court applies the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming* (1994), 68 Ohio St.3d 509, 511.

¶{14} Amatore argues that summary judgment was not warranted for two reasons. First, he contends that the Finding and Determination that was attached to the complaint did not comply with the requirements in R.C. 4141.27. Furthermore, he contends that the Finding and Determination was not attached to the motion for summary judgment and thus, could not be considered as evidence to support the motion. Since ODJFS offered no other evidence to support its motion for summary judgment, according to Amatore, the motion for summary judgment should have been

denied. Secondly, he argues that there exists a genuine issue of material fact concerning whether the complaint was filed within "five years after the contributions became payable" pursuant to R.C. 4141.23(F). Each argument will be addressed in turn.

## A. Attachment to Complaint

¶{15} The core issue under Amatore's first argument is whether the Finding and Determination attached to the complaint complies with R.C. 4141.27 and, as such, constitutes prima facie evidence of Amatore's liability.

¶{16} R.C. 4141.27 states in pertinent part:

¶{17} "If the director of job and family services finds that any person, firm, corporation, or association is, or has been, an employer subject to this chapter, which determination of liability has become final pursuant to the provisions of section 4141.26 of the Revised Code,[1] and has failed to comply with such sections, the director shall determine the period during which the person, firm, corporation or association was such an employer, which finding and determination is for all purposes of such sections prima-facie evidence thereof. The director shall forthwith give notice of said action to the employer who shall immediately thereafter furnish the director with a payroll covering the period included in said finding, and shall forthwith pay the amount of contribution determined and fixed by the director.

¶{18} "If said employer fails to furnish such payroll and pay the contribution for such period within ten days after receiving such notice, the director shall then determine the amount of contribution due from said employer for the period the director found the employer to be subject to this chapter, including interest, and shall notify said employer of the amount thereof and shall order it to be paid. If said amount is not paid within ten days after receiving notice, the director shall certify that finding

---

[1] R.C. 4141.26(D)(2) and (E) provides that the director's finding of liability becomes binding unless the employer, within 30 days of the notice of liability, asks the director to reconsider its finding. The director must then reconsider the finding and issue its ruling. That determination will become final unless within 30 days the employer asks for a review from the unemployment compensation review commission. Once the commission rules on the decision, that ruling becomes final unless within 30 days of that decision an appeal is taken to the Tenth District Court of Appeals.

From the record before this court, it does not appear that Amatore availed himself to the appeal process in R.C. 4141.26(D)(2) and (E). Thus, the order was final and, as such, ODJFS could seek to enforce the director's finding under R.C. 4141.27.

relative to such employer to the attorney general, who shall forthwith institute a civil action against such employer in the name of the state for the collection of such contribution and interest. In such action it is sufficient for the plaintiff to set forth a copy of such finding as certified by the director to the attorney general and to state that there is due to plaintiff on account of such finding a specified sum which plaintiff claims with interest. A certified copy of such finding of the amount of contribution due shall be attached to the petition and is prima-facie evidence of the truth of the facts therein contained. The answer or demurrer to such petition shall be filed within ten days, the reply or demurrer to the answer within twenty days, and the demurrer to the reply within thirty days after the return day of the summons or service by publication. All motions and demurrers shall be submitted to the court within ten days after they are filed. As soon as the issues are made up in any such case, it shall be placed at the head of the trial docket and shall be first in order of trial." R.C. 4141.27.

¶{19} This statute requires three things. First, that there is a finding from the director of ODJFS of contributions owed. Second, that that finding be certified to the attorney general when the employer fails to pay what is owed. Third, a certified copy of that finding is required to be attached to the complaint.

¶{20} Amatore contends that the Finding and Determination attached to the complaint does not comply with the state statute's requirements. Specifically, he asserts that the Finding and Determination attached to the complaint was an uncertified copy of the findings from ODJFS.

¶{21} The first paragraph of the Finding and Determination attached to the complaint states:

¶{22} "After due consideration of all facts presented, investigation and report of deputy auditor and the evidence, and pursuant to section 4141.242(B) and 4141.27, Ohio Revised Code, the Director of The Ohio Department of Job & Family Services finds and determines:"

¶{23} It then indicates that Amatore has failed to comply with the unemployment laws of Ohio and pay contributions, forfeitures and interest owed. Following that is a chart of contributions, forfeitures and interest owed.

**¶{24}** This document is from "Helen E. Jones-Kelley, Director Ohio Department of Jobs and Family Services by Janet D. Wise, Supervisor" and contains a signature in blue ink. Over the signature is the embossed seal of ODJFS.

**¶{25}** Considering all the above, this is a finding from the director of unpaid unemployment contributions, including forfeiture and interest owed by Amatore.[2] Thus, the finding requirement under R.C. 414.27 is met.

**¶{26}** Next, we look at the certified copy requirement in R.C. 4141.27. Amatore insists that the Finding and Determination fails to comply with R.C. 4141.27 because the Finding and Determination attached was not a certified copy of the original Finding and Determination.

**¶{27}** A certified copy by definition is "[a] duplicate of an original document, certified as an exact reproduction by the officer responsible for issuing or keeping the original." Black's Law Dictionary (8 Ed.2004) 360. This Finding and Determination attached to the complaint is not a duplicate of the original that contains an attestation stating it is an exact reproduction of the original. However, this document appears to be one of many copies of the original Finding and Determination that has been executed by ODJFS. We know this because the signature on the document is in blue ink and the embossed seal is corporeal. If it had been a copy of the original Finding and Determination executed by ODJFS the signature would appear in black and the embossed seal would not be apparent.

**¶{28}** That said, the fact that this executed copy is not a copy of the original with an attestation that is a true and accurate copy does not mean that it does not qualify as proper evidence under R.C. 4141.27. Evid.R. 902(1) states that "[a] document bearing a seal purporting to be that * * * of any State * * * or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution" is a self-authenticating document. Evid.R. 902(4) indicates that properly certified copies of public record are also self-authenticating documents. These self-authenticating documents do not require extrinsic evidence to authenticate them. Consequently, a copy from the ODJFS signed and under seal is equivalent to a

---

[2]In reviewing Amatore's argument in its entirety, he concedes this.

certified copy. Thus, Amatore's argument that the Finding and Determination does not comply with R.C. 4141.27 because it is not a certified copy fails.

¶{29} The other remaining requirement of R.C. 4141.27 for the finding to be considered prima facie evidence of liability is that the finding is to be a finding by ODJFS certified to the attorney general. The Finding and Determination attached to the complaint appears to be a finding from the director to Amatore instead of a finding certified by ODJFS to the attorney general. This is evidenced by the fact that the document is addressed to Amatore. Furthermore, at the bottom of the document it states:

¶{30} "That the above contributions, and/or forfeitures together with interest due are delinquent and that said employer is hereby notified of the amount. The director will certify same to the Attorney General for collection pursuant to sections 4141.242(B) and 4141.27, O.R.C."

¶{31} As aforementioned, the statute provides that the director is to determine the amount of the contribution owed and notify the employer of that amount and order it to be paid. If it is not paid after receiving notice, the director then is to certify that finding to the attorney general so that a civil action can be instituted against the employer for collection of amounts owed.

¶{32} While the Finding and Determination is not a copy of the findings sent to the Attorney General for it to institute an action for collection, the statement on the bottom of the document indicates that the director will certify this same copy to the Attorney General. Consequently, the Finding and Determination is equivalent to what is required by the statute to establish a prima facie case and, as such, it complies with R.C. 4141.27.

¶{33} Consequently, for the above reasons, Amatore has failed to establish that the Finding and Determination attached to the complaint did not comply with R.C. 4141.27. Thus, he fails to show that the Finding and Determination does not establish prima facie evidence of Amatore's liability.

¶{34} That said, the Finding and Determination was not attached to the motion for summary judgment. Amatore argues that since it was not attached it cannot be considered as evidence to support the motion for summary judgment. Or in other

words, since it was not attached to the motion for summary judgment, for summary judgment purposes it cannot be considered prima facie evidence of the amount of unpaid contributions.

¶{35} Civ.R. 56 governs summary judgment motions and the evidence that can be used to support a summary judgment motion. Section (C) states, in pertinent part:

¶{36} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

¶{37} ODJFS relied on the complaint and the attachment to support its motion for summary judgment. Civ.R. 7(A) indicates that a complaint is a pleading. Thus, pursuant to Civ.R. 56(C), the complaint is appropriate evidence to support summary judgment. However, the rule does not indicate whether an attachment to the pleadings is considered part of the pleadings for purposes of being admissible summary judgment evidence.

¶{38} Civ.R. 10(C) provides that "[a] copy of a written instrument attached to a pleading is a part of the pleading for all purposes." Thus, an attachment to the pleading can be considered a part of the pleading if it is a written instrument. The Second Appellate District has stated that the term "written instrument" in Civ.R. 10(C) includes "documents that evidence the parties' rights and obligations. *Inskeep v. Burton*, 2d Dist. No. 2007CA11, 2008-Ohio-1982, ¶17. Likewise, courts have indicated that an accounting and a contract qualify as written instruments under Civ.R. 10(C). *Davis v. Widman*, 184 Ohio App.3d 705, 2009-Ohio-5430, ¶18; *Oxford Sys. Integration, Inc. v. Smith-Boughan Mechanical Services*, 159 Ohio App.3d 533, 2005-Ohio-210, ¶13; *McDonald Community Fed. Credit Union v. Presco* (Nov. 9, 1990), 11th Dist. No. 89-T-4241.

¶{39} This attachment is a finding and it sets out Amatore's obligation. Furthermore, it is also an accounting of unemployment compensation owed to ODJFS. Consequently, the attachment is a part of the pleadings, is proper evidence to rely on

when moving for summary judgment, and it does not have to be attached to the motion for summary judgment with an accompanying affidavit. See *Wright v. Mahoning Cty. Bd. of Commrs.*, 7th Dist No. 08MA77, 2009-Ohio-561, ¶18; *Mitchell v. Strong*, 163 Ohio App.3d 638, 2005-Ohio-5354, ¶24-25 (stating attachments to complaint were considered when deciding the motion for summary judgment); *City of New Lexington v. Dutiel*, 5th Dist. Nos. 01CA3, 01CA6, and 01CA7, 2002-Ohio-1284 (stating, "Pleadings are specifically identified in Civ. R. 56(C) as evidence upon which a trial court can rely in deciding whether to grant summary judgment. 'A copy of any written instrument attached to a pleading is a part thereof for all purposes.' Civ. R. 10(C). Therefore, the documents [statements and copies of unpaid water bills] attached to the Complaint were part of the Complaint and were reviewable by the trial court in rendering summary judgment.").

¶{40} Hence, for the above reasons, we find that the Finding and Determination attached to the complaint complies with R.C. 4141.27 and that it was proper evidence for summary judgment. Thus, it established a prima facie case for ODJFS and shifted the burden to Amatore to show that the amount was not owed. Amatore did not meet its burden and therefore, summary judgment was proper.

### B. Statute of Limitations

¶{41} Amatore's second argument is that there is a genuine issue of material fact as to whether the complaint was filed within "five years" after the contributions became payable.

¶{42} The limitations period applicable to the cause of action brought by ODJFS is in R.C 4141.23(F). It states:

¶{43} "Assessment of contributions shall not be made after four years from the date on which such contributions became payable, and no action in court for the collection of contributions without assessment of such contributions shall be begun after the expiration of five years from the date such contributions became payable. * * * When the assessment of contributions has been made within such four-year period provided, action in court to collect such contributions may be begun within, but not later than, six years after such assessment."

¶{44} Amatore is under the impression that the first sentence of this section is applicable to him. Thus, his argument is premised on the belief that ODJFS did not assess the contributions within four years. ODJFS, on the other hand, contends that the last sentence of section (F) is applicable. It contends that the Finding and Determination shows that the amounts owed were assessed within four years. It asserts that the Debit Date column on the Finding and Determination is the assessment date. As such, ODJFS asserts that there is a six year statute of limitations for bringing the complaint.

¶{45} Given the arguments, we must decide whether the five or six year statute of limitations in R.C. 4141.23(F) is applicable. This question requires examination of the Finding and Determination, which we have already indicated was proper evidence to consider when ruling on the motion for summary judgment. The determination of whether the five or six year statute of limitations applies requires us to decide whether there is a genuine issue of material fact that the Debit Date column on the Finding and Determination is the date the assessment of contributions was made.

¶{46} The Ohio Administrative Code indicates that the payment of unemployment compensation for each quarter is due "no later than the last day of the first month following the close of the calendar quarter for which such contributions are payable." Ohio Adm.Code 4141-11-02. For instance, in the matter at hand, for the second quarter of 2001 the contributions were due on the last day of July. The Finding and Determination shows that for the second quarter of 2001, the Debit Date was October 22, 2001. At that date it was determined that $125.25 in contributions were owed. Since the October 22, 2001 date is after the date the contribution was payable for the second quarter, the logical conclusion is that the Debit Date is actually the assessment date. Likewise, the rest of the chart supports that conclusion since the Debit Date was always months after the contributions were due. That said, we note that in making its future charts showing unpaid monies owed, ODJFS should re-label the Debit Date column to Assessment Date so that it is abundantly clear to all viewing the chart that it is the assessment date for purposes of R.C. 4141.23(F).

¶{47} Since there is no genuine issue of material fact that Debit Date is the Assessment date in order for the six year, and not the five year, statute of limitations to

apply, we must review the chart for when the contributions were due and when the assessment was done. If the assessment was done within four years of the contributions due date, the six year statute of limitations is applicable. If not, then the five year statute of limitations is applicable. The chart shows that all assessments were done within approximately thirteen months of the date the contributions were due. As such, the six year statute of limitations in R.C. 4141.23(F) is applicable.

¶{48} Furthermore, the oldest assessment date was November 21, 2001. The complaint was filed June 2007. Thus, the complaint was filed within the applicable six year statute of limitations. Amatore's argument to the contrary fails.

CONCLUSION

¶{49} In conclusion, the Finding and Determination attached to the complaint complies with R.C. 4141.27 and, pursuant to Civ.R. 56 and Civ.R. 10, it is proper evidence to consider when ruling on a motion for summary judgment. That attachment is prima facie evidence of unemployment contributions owed by Amatore to ODJFS. Amatore did not meet its reciprocal burden to show that that amount was not owed. Furthermore, the Finding and Determination verifies that the complaint was filed within the six year statute of limitations in R.C. 4141.23(F). The assignment of error is meritless.

¶{50} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, J., concurs.